James R. YOCOM, Commissioner of Labor, Commonwealth of Kentucky, Movant,

v.

BURNETTE TRACTOR CO., INC., Respondent.

Supreme Court of Kentucky.

May 23, 1978.

Kenneth E. Hollis, Gen. Counsel, Kentucky Dept. of Labor, Frankfort, Bert T. Combs, Tarrant, Combs & Bullitt, Louisville, Thomas M. Rhoads, Rhoads & Rhoads, Madisonville, for movant.

Hal Warren, Warren & Warren, Fulton, for respondent.

REED, Justice.

The principal issue contested by the parties is whether KRS 338.101 [1] excuses the state inspection officials administering the Kentucky Occupational Safety and Health Act [2] from securing a search warrant or court order if they propose to engage in an unconsented search of a place of employment whose health and safety conditions are statutorily regulated for the benefit of the employees working therein.

The Court of Appeals held that both the Fourth Amendment of the United States Constitution and Section 10 of the Constitution of Kentucky required a search warrant or court order "based upon a showing of probable cause" to permit a search and inspection by the concerned government officials of the closed areas of business premises "In the absence of any showing that the business . . . is inherently dangerous, . . . or in the absence of any showing that their business was subject to federal or state regulation and/or license, . . . or pervasively regulated or an industry with a long history of regulation, . . ." We agree with the well-reasoned opinion of the Court of Appeals and adopt it as the opinion of this court. [3]

We hold, however, that the standard to determine the probable cause required for issuance of the requested search warrant or court order is different from that relevant in other contexts. The standard should be considered because this element is inextricably interwoven with the ultimate question to be settled, which is, under what showing may a government inspector enter and, in effect, search private business premises for violations of health and safety standards enacted for the protection of workers employed in and exposed to the health and safety conditions of the premises. We will, therefore, confine our subsequent discussion to this extension of the Court of Appeals' opinion, which we have approved and adopted.

The seminal cases relied on by the Court of Appeals are *Camara v. Municipal Court,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) and *See v. City of Seattle,* 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967). The majority opinion in both cases was authored by Mr. Justice White and issued the same day. [4] Each of these opinions discussed the requirement of "probable cause" for the issuance of a search warrant. [5] In *Camara,* an inspection of private premises in the administration of a city housing code was sought. In *See,* an inspection of a locked commercial warehouse in the administration of a city fire code was sought. In *Camara* the majority said:

"In cases in which the Fourth Amendment requires that a warrant to search be obtained, 'probable cause' is the standard by which a particular decision to search is tested against the constitutional mandate of reasonableness. To apply this standard, it is obviously necessary first to

---

1. (1) In order to carry out the purposes of this chapter, the commissioner, or his authorized representative shall have the authority:

(a) To enter without delay and advance notice any place of employment during regular working hours and at other reasonable times in order to inspect such places, question privately any such employer, owner, operator, agent, employe, or employe's representative, and investigate such facts, conditions, practices, or matters deemed appropriate to determine the cause of, or to prevent the occurrence of, any occupational injury or illness.

(b) To administer oaths, take depositions, conduct hearings, take photographs, review any and all accident and illness records, and secure any other evidence deemed necessary to evaluate any occupational safety and health hazard in order to ascertain whether any person has violated any provision of this chapter or regulations issued pursuant thereto.

(2) If an employer refuses such entry, then the commissioner may apply to the Franklin Circuit Court for an order to enforce the right of entry.

2. Chapter 338 KRS.

3. The opinion of the Court of Appeals is reported as *Yocom v. Burnette Tractor Co., Inc.,* Ky.App., 555 S.W.2d 823 (1976).

4. June 5, 1967.

5. The requirement of "probable cause" would apply equally to a court order permitting a search or inspection. For all practical purposes, "search warrant" and "court order" are synonymous.

focus upon the governmental interest which allegedly justifies official intrusion upon the constitutionally protected interests of the private citizen." 387 U.S. 523, 534, 87 S.Ct. 1727, 1734, 18 L.Ed.2d 930 (1967).

■ In the case before us, the governmental interest at stake is to prevent even the unintentional development of conditions which are hazardous to the health and safety of employees. The governmental inspection program at issue is aimed at securing employer compliance with minimum standards for the health and safety of employees, unlike a search pursuant to a criminal investigation. 387 U.S. 523, 535. A decision to search private property must be justified by a reasonable governmental interest. "But reasonableness is still the ultimate standard. If a valid public interest justifies the intrusion contemplated, then there is probable cause to issue a suitably restricted search warrant." Id. at p. 539.

In *Camara,* the Supreme Court held that an area inspection was a "reasonable" search of private property within the meaning of the Fourth Amendment. It also held that "probable cause" to issue a warrant to inspect existed if reasonable legislative or administrative standards for conducting an area inspection were satisfied with respect to a particular dwelling. In *See,* the same court in dealing with inspection of private commercial premises said:

> "We therefore conclude that administrative entry, without consent, upon the portions of commercial premises which are not open to the public may only be compelled through prosecution or physical force within the framework of a warrant procedure. We do not in any way imply that business premises may not reasonably be inspected in many more situations than private homes, nor do we question such accepted regulatory techniques as licensing programs which require inspections prior to operating a business or marketing a product." 387 U.S. 541, 546, 87 S.Ct. 1737, 1741, 18 L.Ed.2d 943 (1967).

■ We will now apply the teaching of *Camara* and *See* to requirements of Section 10 of the Constitution of Kentucky. The controlling standard is reasonableness. In the case before us, the governmental agency's demand for access will be measured, in terms of probable cause to issue a warrant, against a flexible standard of reasonableness that takes into account the public need for effective administration of the particular regulation. The decision to intrude, however, will represent the determination of a neutral magistrate and not the unfettered discretion of an enforcement inspector.

■ We do not foreclose prompt inspections, even without a warrant, that the law has repeatedly upheld in emergency situations. See *Camara, supra,* at 539, 87 S.Ct. 1737.[6] We hold that the probable cause requirement may be satisfied by demonstrating that the place to be inspected is of the general type due for inspection under statutory or administrative standards setting up categories of places subject to inspection and bearing a rational connection to the goal sought to be achieved by the Kentucky Occupational Health and Safety Act. We specifically reject the Respondent's contention that a showing of "reasonable ground of suspicion of violation" in the particular premises is required before probable cause to inspect is deemed satisfied.

As extended by this opinion, the decision of the Court of Appeals is affirmed.

---

**6.** The seizure of unwholesome food; compulsory smallpox vaccination; health quarantine; summary destruction of tubercular cattle, are examples of conditions analogous to "exigent circumstances" justifying a warrantless search or seizure.