**J. P. HUGHETT, Appellant,**

**v.**

**HOUSING & URBAN DEVELOPMENT COMMISSION and City of Louisville, Appellees.**

**No. 91–CA–440–MR.**

Court of Appeals of Kentucky.

June 11, 1993.

J. P. Hughett, Louisville, pro se.

Winston E. King, Louisville, for appellees.

Before DYCHE, McDONALD and WILHOIT, JJ.

McDONALD, Judge.

The appellant, J. P. Hughett, has appealed from the order of the Jefferson Circuit Court that requires her to allow housing inspectors for the appellee, City of Louisville, through its agency, Housing and Urban Development Commission, to enter her residence for the purpose of determining whether she is in violation of the City's Existing Structures Code. Hughett, who was notified that the City wanted to conduct the inspection, commenced this action seeking to enjoin the City from entering her premises and obtained an order restraining the City from so proceeding. The City moved to dissolve the restraining order and moved for the order allowing them entry into Hughett's residence. Enforcement of the order entered on February 11, 1991, has been stayed during the pendency of this appeal.

Hughett argues that the City's actions violate § 10 of the Kentucky Constitution and the Fourth Amendment of the U.S. Constitution. The City responds that it is authorized to inspect the residence under the following provisions of the Existing Structures Code:

In order to safeguard the safety, health and welfare of the public, the code official is authorized to enter any vacant or occupied residential structure, ... at any reasonable time for the purpose of making inspections and performing duties under this code.

....

If the owner ... refuses, impedes, inhibits, interferes with, restricts, or obstructs entry and free access to any part of the structure ... where inspection authorized by this code is sought, the administrative authority shall be permitted to seek, in a court of competent jurisdiction, an order that such owner ... cease and desist with such interference. City Code, Chapter 150, §§ ES–105.3 and ES–103.3.2.

Neither party has cited the seminal case concerning administrative search warrants. In *Camara v. Municipal Court of the City and County of San Francisco*, 387 U.S. 523, 530, 87 S.Ct. 1727, 1731, 18 L.Ed.2d 930 (1967), the Supreme Court established that Fourth Amendment protections extended to administrative searches as follows:

We may agree that a routine inspection of the physical condition of private property is a less hostile intrusion than the typical policeman's search for the fruits and instrumentalities of crime.... But we cannot agree that the Fourth Amendment interests at stake in these inspection cases are merely "peripheral." It is surely anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior.

While holding that search warrants required by cities must be based on probable cause, the *Camara* Court, however, held that the probable cause was not the same as that required before issuance of a warrant in a criminal case:

[I]t is obvious that "probable cause" to issue a warrant to inspect must exist if reasonable legislative or administrative standards for conducting an area inspection are satisfied with respect to a particular dwelling. Such standards, which will vary with the municipal program being enforced, may be based upon the passage of time, the nature of the building (e.g., a multi-family apartment house), or the condition of the entire area, but they will not necessarily depend upon specific knowledge of the condition of the particular dwelling. It has been suggested that so to vary the probable cause test from the standard applied in criminal cases would be to authorize a

"synthetic search warrant" and thereby to lessen the overall protections of the Fourth Amendment. But we do not agree. The warrant procedure is designed to guarantee that a decision to search private property is justified by a reasonable governmental interest. *But reasonableness is still the ultimate standard.* If a valid public interest justifies the intrusion contemplated, then there is probable cause to issue a suitably restricted search warrant. *Id.* at 538–539, 87 S.Ct. at 1736 (emphasis added; citations omitted).

*See also, Yocom v. Burnette Tractor Co., Inc.,* Ky., 566 S.W.2d 755, 758 (1978).

Clearly while the standard of probable cause applicable to an administrative search warrant is more relaxed than that applicable to a criminal case, there still must be *some* probable cause to allow intrusion into one's home to inspect for health and safety code violations. The appellee recognizes the need to establish probable cause that a code violation may exist and argues that there was in fact such probable cause before the trial court. We disagree.

The City offered no sworn evidence of any kind to the trial court in its motions to dissolve the restraining order and to obtain the order allowing the search. There are no affidavits in the record describing the property or even suggesting what code provisions it believes appellant may be violating. The attorney for the City informed the court that the appellant had been cited six times in the past year and a half for *exterior* violations and offered photographs showing piles of plastic garbage bags on the *exterior* of appellant's residence. He mentioned there had been complaints from neighbors but did not indicate the nature or substance of these complaints. In its brief the City states that there were complaints about the interior condition of the structure but our review of the record reveals this to be an inaccurate statement. The record does not reveal any complaints about the interior of Ms. Hughett's home or any allegations that such complaints have been made.

The issue is whether there was probable cause to inspect the interior of appellant's residence where the only evidence in support of the court order was the existence of exterior violations. We hold such is not sufficient. We do not believe one can reasonably infer from the fact that several garbage bags are waiting to be carried away that a code violation exists inside a residence. There is no business being conducted on the property. No one resides in the house other than appellant. Unlike the fact situation in the *Yocom* case, *supra,* there was no showing that appellant's home was "of the general type due for inspection...." There was nothing before the trial court to suggest there was anything improper or unsafe or threatening to the neighborhood on the inside of appellant's residence.

There was an utter failure by the City to show why the order should have been issued and, accordingly, the judgment of the Jefferson Circuit Court is reversed.

All concur.