## Reitzel v. Commonwealth.

### (Decided May 13, 1924.)

## Appeal from Jefferson Circuit Court (Criminal Branch).

1. Searches and Seizures—Defendant Cannot go Behind Search Warrant to Inquire Whether Facts Stated in Affidavit True.—Defendant cannot go behind search warrant to inquire whether facts stated in affidavit are true, if affidavit and warrant are regular on face.

2. Intoxicating Liquors—Verdict for Unlawful Possession Held Not Flagrantly Against Evidence.—Verdict of guilt of unlawful possession held not flagrantly against evidence or result of passion or prejudice.

MATT J. HOLT and MARTIN T. MORAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

Appellant Reitzel resided in a house on Wenzel street near the corner of Marshall, in the city of Louisville, in July, 1923. On the corner next to his house stood a soft drink stand. Federal officers raided that place on July 3rd. Appellant happened to be in the saloon at the time of the raid. The officers were operating under a federal search warrant. After searching the soft drink stand some of them retired to the rear of the place, which was very near the kitchen of appellant's home. Between appellant's home and the soft drink stand is a high board fence, through which was a gate or door, and this door was open. Looking through this door the officers saw through the open door of appellant's house a number of beer bottles filled with liquid and they smelt odors of fermenting home brew and other intoxicants. One of them

was sent *post haste* to the magistrate for a search warrant, the others remaining upon the premises of the soft drink stand, keeping watch. To obtain the search warrant the officer made an affidavit before the magistrate in which the facts were set forth. Among other things the affidavit stated: "Affiant states that on July 3, 1923, while he was in the street immediately in front of said premises (appellant's place) he smelt unmistakable odors and fumes of fermenting beer and the plain, obvious odors of intoxicating liquors coming from said premises on said date."

When he obtained the search warrant and returned to his *posse,* a search was made of appellant's premises, where were found 750 bottles of home brew beer and about 80 gallons more in the making. This beer, according to analysis made by the city chemist, contained 3.88% alcohol by volume. The witness testified that it was intoxicating. There was no objection to this evidence. The officers testified that they refused to raid the place until the search warrant came and that they did not enter upon the premises until the search warrant was in their hands.

Appellant contends, however, that the officers entered his place before they obtained a search warrant. This was an issue of fact. We have held that an appellant cannot go behind the search warrant to inquire whether the facts stated in an affidavit for such warrant are true, if the affidavit and warrant are regular on their face. The officers also testified that they asked appellant if they should read the search warrant to him and that he answered, "No, that is all right, go ahead; I waive the search warrant." They further testified that appellant said to them in substance, "Gentlemen, when you catch me I am game; I will stand it like a man." In addition to the home brew beer found in the house the officers found a quantity of the same liquid on ice in a building at the rear, and another quantity in kegs. Some of them testified that appellant said he was fixing to deliver a quantity of beer on that day or night for use the next day, which was the 4th of July.

Appellant's reputation was proven to be bad for trafficking in intoxicants. The jury found him guilty and fixed his punishment at a fine of $300.00 and sixty days in jail, upon which judgment was entered and from which judgment this appeal is prosecuted.

Appellant's sole ground for a new trial was that the verdict was flagrantly against the law and the evidence and the result of passion and prejudice upon the part of the jury.

Just how appellant arrived at the conclusion that the verdict was flagrantly against the evidence, or the result of passion on the part of the jury, is not perceived. The evidence is overwhelmingly against him. There were several witnesses testifying to the facts above recited. He admitted he had the home brew, but said he did not know it was intoxicating. According to his testimony he made it himself, following a receipt, and bottled it, but he said he was brewing it for his own use and not for sale. He also said that the officers were on his premises, searching his place before they had a warrant. The evidence though conflicting, appears to be entirely sufficient to support the verdict and we do not think it was or could have been the result of passion or prejudice on the part of the jury. For the reason indicated, the judgment is affirmed.

Judgment affirmed.