## Stafford et al. v. Bailey.

Dec. 11, 1945.

Wheeler & Wheeler for plaintiffs.

Wallis M. Bailey for defendant.

OPINION OF THE COURT BY JUDGE DAWSON—Denying writ.

This is an original proceeding for a writ of prohibition under Sec. 479 of the Civil Code of Practice seeking to prohibit J. F. Bailey, Judge of the 24th Judicial District from enforcing an order entered in the Johnson circuit court appointing Mae Meade, Receiver of the estate of Jesse Stafford, Sr., deceased. Stafford, Sr. died in Johnson County on May 9, 1935, leaving surviving him his widow and eight children. At the time of his death he owned 31 small houses in and near Paintsville, and a small amount of personal property. His will left his entire estate to his widow during her lifetime. She is still living and is now ninety-six years of age. At her death the property goes to the eight children equally. By his will he appointed his sons, Harry G. Stafford and Jesse Stafford, Jr. as executors and gave them full power to manage and control the estate for the benefit

of his widow, and the power to sell any of the property, if in their judgment it would be advisable. These two sons qualified and took charge of the estate, collecting rents, paying taxes and other expenses and paying the net proceeds to their mother. This they continued to do until September 2, 1940, when four of the children filed suit against them in the Johnson circuit court charging them with mismanagement and waste. A great deal of testimony was taken, and the case was finally submitted in September 1941. For some reason no other steps were taken in the matter until May 1945, at which time the court appointed Ralph Stafford and Harry G. Stafford as receivers for the estate. Harry G. Stafford refused to qualify and objected to the appointment of Ralph, who did qualify and acted as receiver until July 5, 1945, when he was discharged and Mae Meade was appointed. The order appointing Mae Meade as receiver included a judgment against the two executors in the Amount of $1951.

An appeal was taken from this judgment and the record on the appeal has been filed in this court, but the case has not yet been docketed.

On November 13, 1945, this petition for a writ was filed by the executors and by agreement the case is to be considered on affidavits filed by the parties and the testimony taken in the action in the Johnson circuit court.

Several interesting questions are raised by the issues involved in this case, but they may not be considered in this proceeding. Section 479 of the Civil Code of Practice reads as follows: "The writ of prohibition is an order of the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction." In Evans v. Humphrey, 281 Ky. 254, 135 S. W. 2d 915, 917, Judge Fulton stated the basis on which this court will consider writs of prohibition. He said: "It is now well settled that writs of prohibition will issue from this court to prohibit inferior courts in two classes of cases (1) Where they are threatening to proceed, or are proceeding, in a matter in which they have no jurisdiction and there is no remedy through an application to an intermediate court, and (2) Where, although proceeding within their jurisdiction, they are exercising or about to exercise it er-

roneously and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so. Duffin v. Field, Judge, 208 Ky. 543, 271 S. W. 596; Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. 2d 395; Tompkins et al. v. Manning, Judge, 205 Ky. 327, 265 S. W. 830.''

It is clear that the purpose of a writ of this nature is to stop some action which is threatened by or is being proceeded with by an inferior court. In this case the action complained of has already been taken. The case has been finally disposed of by the lower court and the record of the proceeding has been filed with us. The circuit court, therefore, has lost jurisdiction of the matter and there is nothing pending before that court at this time. It follows, therefore, that the matter is presented in such a status that the granting of the writ would be futile and useless, and under these circumstances will not be considered.

The writ of prohibition is denied and the petition is dismissed.