**Myrt CLARK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 19, 1967.

Rehearings Denied Sept. 29, 1967.

Morris Butler, Robert L. Dowell, Greensburg, for appellant.

Robert Matthews, Atty. Gen., H. N. McTyeire, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

The appeals in these two cases have been consolidated. Appellant was convicted of two separate offenses of selling and possessing alcoholic beverages in local option territory.

With respect to the offense of *selling,* she contends the indictment was defective because it did not name the purchaser of the liquor. Without deciding whether the indictment was sufficient under RCr 6.10(2) and RCr 6.12, the question presented was waived because the objection was not raised by motion before trial, which RCr 8.18 requires.

It is next contended it was not shown that Metcalfe County was local option territory. The Commonwealth's attorney had stated in open court, "Let the record show that we have stipulated that Metcalfe County is local option territory". This statement was made in the presence of defendant's counsel and it was not questioned. While normally a stipulation should be in writing, we believe that with respect to a fact such as this (about which there was no question anyhow), defendant's tacit agreement should be binding.

It is next contended that defendant was entitled to a directed verdict because the witness who purchased alcoholic beverages from her was cooperating with the county officials for his personal benefit. It seems this witness had been fined for a traffic violation which he would not be required to pay if he followed the directions of the sheriff in making this purchase.

We are unable to comprehend on what ground this witness should not be permitted to testify or why his testimony would be incompetent. He was examined to prove the fact of purchase. His motives or reasons why he participated in the transaction are completely irrelevant to the fact he sought to prove. The alleged employment or coercion of the witness might well affect his credibility, but would not render his testimony incompetent. See Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374.

It is also contended it was not shown that the purchase was made in Metcalfe County but there was ample proof of this.

With respect to the conviction for *possession* of alcoholic beverages in local option territory, the contention is made that the evidence should be suppressed because of the invalidity of the affidavit for a search warrant. This affidavit was made by the same witness who testified he had made the purchase. No contention is made that the affidavit is not sufficient on its face. It is argued that the person signing the affidavit was not sworn.

On the trial the person signing the affidavit testified he did not swear to it, but the person who acknowledged his signature testified positively that "he was sworn to this affidavit".

In spite of the witness denying that he was sworn, the court would have been justified under the written and oral evidence in this case in finding to the contrary. However, we are of the opinion the principle applied in Reitzel v. Commonwealth, 203 Ky. 186, 261 S.W. 1106; Commonwealth v. Thacker, 299 Ky. 488, 17 S.W.2d 399; and Thornton v. Commonwealth, 245 Ky. 336, 53 S.W.2d 707, should be applied here. In those cases it was held the court will not go behind the affidavit for a search warrant to determine its sufficiency or to

inquire into the truthfulness of the facts stated therein. Since there is no question here about the sufficiency of the affidavit, or about affiant's signature, or even about the actual truth of the statements contained in the affidavit, we do not think the defendant may properly raise the collateral issue of whether, contrary to what the affidavit states, the affiant was formally sworn. The search warrant was valid because based upon a complete and proper affidavit on its face and the evidence obtained through its use was properly admitted in evidence.

The judgments in both cases are affirmed.

All concur.