**James R. YOCOM, Commissioner of Labor, Commonwealth of Kentucky, Appellant,**

v.

**BURNETTE TRACTOR COMPANY, INC., Appellee.**

Court of Appeals of Kentucky.

May 27, 1977.

Discretionary Review Granted Oct. 4, 1977.

Kenneth E. Hollis, Frederick G. Huggins, Peter J. Glauber, Thomas M. Rhoads, Gen. Counsels, Kentucky Dept. of Labor, Frankfort, Bert T. Combs, Louisville, for appellant.

Hal Warren, Warren & Warren, Fulton, for appellee.

Before MARTIN, C. J., and GANT and PARK, JJ.

GANT, Judge.

This case was tried before the Franklin Circuit Court on an agreed stipulation of facts which indicated that on Wednesday, March 17, 1976, at approximately 9 a.m., a Compliance Officer for the Kentucky Occupational Safety and Health Program under the Kentucky Department of Labor, which will hereinafter be referred to as KOSHA, called upon the Burnette Tractor Company in the performance of his duties and for the purpose of a routine safety and health inspection. Mr. N. W. Burnette, president of the company, questioned the Compliance Officer's authority to make such an inspection, stating that he did not consider the

law constitutional, and inquired whether the officer had a court order or a search warrant based upon probable cause. The Compliance Officer stated that he had no court order or search warrant or no knowledge upon which to base such information but was relying entirely on Chapter 338 of the Kentucky Revised Statutes. After being refused admission, the Compliance Officer left the premises and this action resulted, being a petition for a temporary and permanent injunction, mandatorily requiring the Appellee to permit the Kentucky Department of Labor to enter his premises without further delay to conduct an inspection.

Appellant relies upon *Ky.Rev.Stat.* 338.-101, which provides, in part, as follows:

(1) In order to carry out the purposes of this Chapter, the Commissioner, or his authorized representative, shall have the authority:

(a) To enter without delay and advance notice any place of employment during regular working hours and at other reasonable times in order to inspect such places, question privately any such employer, owner, operator, agent, employee, or employee's representative, and investigate such facts, conditions, practices, or matters deemed appropriate to determine the cause of, or to prevent the occurrence of, any occupational injury or illness.

The Appellee relies upon the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution relating to the rights of the people to be secure in their persons, houses, property, etc. from warrantless searches.

Before proceeding further with this opinion, the Court wishes to state that we are totally aware of the fact that a similar case is now pending before the Supreme Court of the United States in the case of *Barlow's, Inc. v. Usery*, 424 F.Supp. 437 (D. Idaho 1976). However, we feel that it is our obligation to decide this case as it relates to the Constitution of Kentucky.

The history of warrantless inspections by administrative bodies under the guise of promoting public health and safety is an interesting one. In two cases decided on the same day, the Supreme Court of the United States handed down two landmark decisions. The first of these was the case of *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967) in which the Supreme Court held that a person has the constitutional right to insist that a search warrant be obtained before an administrative inspection of a private residence pursuant to a municipal housing code. In the companion case of *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), the Court held that the Fourth Amendment also applies to the inspection of a commercial warehouse pursuant to a municipal fire, health and housing program.

The effect of these two cases was narrowed somewhat by the cases of *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970) and *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972), in which cases the Court upheld warrantless inspections of a retail liquor dealer and a pawn shop which handled guns and ammunition, the inspection of the latter being made pursuant to the Gun Control Act. These latter two cases were obviously based upon the fact that both the liquor and gum industries had been long regulated and required a license, indicating that when one chooses to engage in a regulated business or accepts a federally regulated license, he engages in this business with the knowledge that he will be subject to effective inspection.

In the case of *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973), the Supreme Court, relying on *Camara* and *See, supra*, invalidated a statute and regulations permitting warrantless search of vehicles within 100 miles of an international border and distinguished *Colonnade* and *Biswell* as relating to "federally licensed and regulated enterprises." Subsequently, in *Air Pollution Variance Board v. Western Alfalfa Corp.*, 416 U.S. 861, 94 S.Ct. 2114, 40 L.Ed.2d 607 (1974), the Court reaffirmed the holdings of *Camara* and *See* but upheld a warrantless visual inspection from the outdoor premises of a business under the "Open Fields Doctrine."

The federal district court cases involving OSHA, the federal counterpart of KOSHA, have an equally interesting background. The first of these cases was the case of *Brennan v. Buckeye Industries*, 374 F.Supp. 1350 (S.D. Ga. 1974) in which the District Court in Georgia upheld the right of an OSHA inspection without a warrant or a court order. This case seemed to rely primarily on *Terraciano v. Montanye*, 493 F.2d 682 (2d Cir. 1974). While the *Brennan* case was not an instance of an inspection upon a federally licensed or regulated premise, the *Terraciano* case was a search of premises pursuant to a New York statute authorizing the search of premises limited to orders, prescriptions or records relating to narcotics, depressants or stimulants.

After *Buckeye Industries* came the case of *Brennan v. Gibson's Products, Inc.*, 407 F.Supp. 154 (E.D. Tex. 1976), in which a three-judge panel, fully aware of the holding in that former case, denied the right of inspection pursuant to OSHA, of a discount store but upheld the constitutionality of the statute, stating that "Congress intended nothing beyond its constitutional powers and that the requirement of a search warrant for resisted inspections was not made explicit in part because the need for a warrant was clear . . ." The same result was reached in the case of *Dunlop v. Hertzler Enterprises, Inc.*, 418 F.Supp. 627 (D. N.M. 1976), in which case the search was denied but the constitutionality of the statute was upheld.

The last case on this question was the case of *Barlow's Inc. v. Usery, supra*, in which not only was the warrantless search prohibited but the act was held unconstitutional because of the failure of Congress to "employ language declaring that a warrant must first be obtained . . ." As indicated above, it is this case which is currently under review by the Supreme Court.

■ It is the opinion of this Court that the reasoning in *Gibson's Products, Inc.* and *Hertzler Enterprises, Inc.* is sound and that the opinion of the Supreme Court in *See v. City of Seattle, supra*, must be followed. As stated in that opinion by Justice White:

The businessman, like the occupant of a residence, has a constitutional right to go about his business free from unreasonable official entries upon his private commercial property. The businessman, too, has that right placed in jeopardy if the decision to enter and inspect for violation of regulatory laws can be made and enforced by the inspector in the field without official authority evidenced by a warrant.

■ In the absence of any showing that the business of the Appellee, Burnette Tractor Company, Inc., is inherently dangerous, such as mining operations where inspections have been permitted under Mine Safety Acts; or in the absence of any showing that their business was subject to Federal or state regulation and/or license, such as guns, liquor and drugs; or pervasively regulated or an industry with a long history of regulation, a search and inspection of the closed areas of the premises, i.e., those portions of the premises not customarily open to the public, will not be permitted without a search warrant or court order, either of which must be based upon a showing of probable cause.

The judgment of the lower court is affirmed.

All concur.