640 F.2d 1134
 9 O.S.H. Cas.(BNA) 1446, 1981 O.S.H.D. (CCH) P 25,292
In the Matter of Establishment Inspection of J. R. SIMPLOT
COMPANY, a corporation.
J. R. SIMPLOT COMPANY, a Nevada Corporation, Petitioner/Appellant,
v.
OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, and U. S.
Department of Labor, Respondents/Appellees.
 Nos. 79-4750, 79-7596.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 7, 1980.
Decided April 3, 1981.
 
 James T. Hungleman, Boise, Idaho, for petitioner-appellant.
 Charles I. Hadden, Seattle, Wash., argued, for respondents-appellees; Ann D. Nachbar, Washington, D. C., on brief.
 Appeal from the United States District Court for the District of Idaho.
 Before VAN DUSEN,* FARRIS and BOOCHEVER, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 J. R. Simplot petitions this court for review of a final order issued by the Occupational Safety and Health Review Commission (OSHRC) denying Simplot's petition for review, and appeals from an order issued by the district court in the district of Idaho denying Simplot's motion to suppress evidence in the OSHA proceedings. We affirm.
 
 FACTS
 
 2
 J. R. Simplot is composed of two corporate divisions: The Food Division, engaged in the processing of potatoes, and the Feed Lot Division, engaged in cattle feeding. The two divisions are located on opposite sides of Highway 19, two miles outside of Caldwell, Idaho. On May 18, 1978, an OSHA compliance officer arrived at the Simplot plant to investigate a complaint registered by a Simplot employee, who alleged the existence of a leaking fuel service truck and unapproved electrical fixtures in the wheat mill, both located in the Feed Lot. The officer presented the complaint to Herman Teich, a supervisor of the Food Division. After consulting with counsel, Teich denied the officer entry on the grounds that he lacked a warrant.
 
 
 3
 On August 31, OSHA applied to the district court for an inspection warrant. The application was supported by the compliance officer's affidavit and a copy of the employee complaint, which listed the specific alleged violations at the Feed Lot. The court issued the warrant on September 5. The warrant authorized entrance to "J. R. Simplot Company" on "Highway 19", and authorized inspection with respect to all "pertinent" facilities to determine whether Simplot was "complying with the ... Act." No distinction was made between the Food and Feed Lot Divisions.
 
 
 4
 On September 6, OSHA agents began inspecting the Simplot facilities. Accompanied by Teich, the agents spent 13 days inspecting the Food and Feed Lot Divisions. On October 19 and 23, the Secretary of Labor cited Simplot for violations existing in both facilities. Simplot contested the citations and the case was assigned to an administrative law judge of OSHRC.
 
 
 5
 On both January 23 and February 26, 1979, Simplot moved before the ALJ to suppress evidence gathered during the inspections. Both motions were denied on the basis that (1) the warrant authorized to a "wall-to-wall" search of Simplot's facilities, (2) Simplot consented to the search and (3) the exclusionary rule doesn't apply to OSHA proceedings. On April 6, Simplot moved in the district court to suppress the evidence and for a temporary restraining order against the OSHA proceedings. While these motions were pending, on April 10 and 11, the ALJ concluded the hearings on the alleged violations. On May 29, the district court denied Simplot's motions, while granting an evidentiary hearing to determine the validity of the warrant. The hearing was held on August 31, and at its conclusion, the district court ruled against Simplot. Simplot appealed.
 
 
 6
 Meanwhile, on July 27, the ALJ had issued a decision adverse to Simplot in the OSHA case. Simplot appealed that decision to OSHRC, which denied the appeal. Simplot then appealed OSHRC's denial of review to this court.
 
 
 7
 Three issues are before the court: (1) whether Simplot was required to exhaust its administrative remedies before seeking relief in the federal district court; (2) whether the warrant issued by the district court was overbroad; and (3) whether, assuming the warrant was invalid, the exclusionary rule applies in OSHA proceedings.
 
 I. Exhaustion of Administrative Remedies
 
 8
 As indicated above, this case comes before us on two separate appeals: (1) from the district court's judgment upholding the warrant, and (2) from OSHRC's denial of review of OSHA's decision adverse to Simplot. We first must decide whether it was proper for Simplot to seek relief in the district court without exhausting its administrative remedies.
 
 
 9
 Generally, a party must exhaust its administrative remedies before seeking relief from or review of an agency decision. See, e. g., Lloyd C. Lockrem, Inc. v. United States, 609 F.2d 940, 942 (9th Cir. 1979); Eluska v. Andrus, 587 F.2d 996, 999 (9th Cir. 1978). Exhaustion is not required, however, if the administrative remedies are either inadequate or inefficacious. Aleknagik Natives Ltd. v. Andrus, --- F.2d ---- No. 78-2986 (9th Cir. Apr. 7, 1980). Simplot contends that, because OSHRC had refused to address constitutional claims at the time of the OSHA proceedings, OSHRC lacked expertise as to the claim, thereby rendering the administrative remedy inadequate, see, e. g., Weyerhaeuser Co. v. Marshall, 592 F.2d 373, 376-77 (7th Cir. 1979). For this reason, Simplot concludes that it was justified in seeking relief in the federal district court.
 
 
 10
 We disagree. Although OSHRC refused resolution of the constitutional claims during the pendency of the OSHA proceedings, see Electrocast Steel Foundry, Inc., 1978 O.S.H. Dec. P 22,702, at 23,401 (O.S.H.Rev. Comm'n Apr. 21, 1978), the ALJ twice addressed Simplot's constitutional arguments. Moreover, the statutory review procedure provided for OSHA proceedings, which authorizes OSHRC to review the ALJ's determinations, affords Simplot the right to have this court review any order issued by OSHRC. 29 U.S.C. § 660(a) (1976 & Supp. II 1978); 29 C.F.R. § 2200.90 (1979). Even assuming that OSHRC lacked sufficient expertise to resolve Simplot's constitutional arguments, this statutory review procedure adequately assures Simplot of this court's consideration of any alleged constitutional violations. Because the review procedure for OSHA proceedings provided Simplot with an adequate remedy, and because this statutory procedure contemplates exhaustion of the administrative remedies, Simplot improperly sought relief in the federal district court. See Montgomery v. Rumsfeld, 572 F.2d 250, 252-53 (9th Cir. 1978); see also Marshall v. Whittaker Corp., 610 F.2d 1141, 1148 (3d Cir. 1979); Babcock & Wilcox Co. v. Marshall, 610 F.2d 1128 (3d Cir. 1979); Marshall v. Central Mine Equipment Co., 608 F.2d 719, 722 (8th Cir. 1979); In re Worksite Inspection of Quality Products, Inc., 592 F.2d 611 (1st Cir. 1979).
 
 II. The Warrant's Validity
 
 11
 We now address the merits of Simplot's appeal from OSHRC's adverse ruling. Simplot concedes that the complaint registered by the Simplot employee was sufficient under Marshall v. Barlow's, Inc., 436 U.S. 307, 320-21, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978), to establish probable cause to conduct a complete inspection of the Feed Lot, the complained of site. Simplot argues, however, that because the warrant authorized an inspection of the entire Simplot facility, including both the Feed Lot and the Food Division, the warrant was overbroad, and therefore invalid under the Fourth Amendment.
 
 
 12
 Both Simplot and the Secretary would have this court address the issue of whether an inspection following an employee complaint to OSHA must be restricted to the complained of site. As both parties have noted, the various courts addressing this issue have reached different results. While some courts require inspection warrants to be limited in scope, if possible, to the complained of site, other courts have concluded that, once probable cause is established by an employee complaint, OSHA may conduct a "wall-to-wall" inspection of the employer's facilities. Compare Marshall v. North American Car Co., 626 F.2d 320, 322-24 (3d Cir. 1980); Marshall v. Trinity Industries, Inc., 1979 O.S.H. Dec. P 23,943, at 29,040-41 (W.D.Okl. Oct. 15, 1979); Whittaker Corp. v. OSHA, 1979 O.S.H. Dec. P 23,381 (M.D.Pa. Mar. 7, 1978), dismissed mem., 594 F.2d 855 (3d Cir. 1979); and Sarasota Concrete Co., 1979 O.S.H. Dec. P 23,839, at 28,295 (O.S.H.Rev. Comm'n Sept. 9, 1979), with Burkart Randall Division of Textron, Inc. v. Marshall, 625 F.2d 1313, 1322-26 (7th Cir. 1980); In re Establishment Inspection of Marsan Co., 1979 O.S.H. Dec. P 23,856, at 28,935 (N.D.Ind. June 21, 1979); and Dravo Corp. v. Marshall, 5 O.S.H. Cas. 2057 (W.D.Pa.1977), aff'd mem., 578 F.2d 1373 (3d Cir. 1978).
 
 
 13
 We need not address this broad issue, however, as the facts here require us to do no more than determine the legitimate breadth of the warrant issued by the district court. In determining the validity of a criminal search warrant, we are limited to the information and circumstances that were available to the issuing officer at the time the warrant was issued. United States v. Brown, 455 F.2d 1201, 1204 (9th Cir.), cert. denied, 406 U.S. 960, 92 S.Ct. 2069, 32 L.Ed.2d 347 (1972). Applying this principle here, the proper scope of the inspection warrant is to be determined by considering the information presented to the district court in the warrant application.
 
 
 14
 Here, the warrant application consisted of two documents: the affidavit of the OSHA compliance officer, and a written copy of the complaint registered by the Simplot employee. The affidavit noted the initial inspection attempt of "the J. R. Simplot Company, ... located on Highway 19 about two miles west of Caldwell, Idaho," following the OSHA regional office's receipt of the employee complaint, which was annexed to the affidavit as "Attachment A." The affidavit also stated that the affiant believed that the nature of Simplot's business consisted of the "mining, growing, raising, processing and distributing of agricultural products such as potatoes, grain, cattle, and fertilizers." The employee complaint listed the employer as "J. R. Simplot, Feedlot No. 3," located on "Highway 19 about 2 Mi. West of Caldwell." The words "Feedlot Grain mill" were typed in the space requiring specification of the employer's "kind of business;" the words "Grain mill and fuel service truck" were typed in the space requiring specification of the worksite containing the alleged violations.
 
 
 15
 The warrant application contained no facial reference to two distinct Simplot-owned facilities. The employee complaint described the employer as the Simplot Feedlot-Grainmill, located two miles outside of Caldwell; the OSHA officer's affidavit described the Simplot facilities, which were the initial subject of inspection, as being located two miles outside of Caldwell. The district court could properly draw reasonable inferences from this information. United States v. Spearman, 532 F.2d 132, 133 (9th Cir. 1976). The district court inferred reasonably, although perhaps erroneously, that the Simplot plant located outside of Caldwell was a single facility. Operating under this inference, the district court authorized an inspection of the entire Simplot plant. In the absence of proof that the court's conclusion was either unreasonable or made in bad faith, we will not find the warrant invalid as overbroad. Cf. United States v. Whitney, 633 F.2d 902, 906-08 (9th Cir. 1980) (upholding criminal search warrant describing premises to be searched as single building when in fact premises contained two units).
 
 
 16
 Further, the OSHA affidavit is not susceptible to attack as an attempt to mislead the district court regarding the composition of the Simplot facilities. Although the affidavit arguably omitted any mention of the existence of two distinct Simplot owned facilities, Simplot has not alleged that the omission, if any, was the product of either a deliberate falsehood or reckless disregard for the truth. We are therefore unable to invalidate the warrant as being based on a misleading affidavit. See Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684, 57 L.Ed.2d 667 (1978); United States v. Whitney, 633 F.2d 902, 908 (9th Cir. 1980); United States v. Young Buffalo, 591 F.2d 506, 510 (9th Cir.), cert. denied, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055 (1979).
 
 
 17
 Because the warrant was valid, we need not consider the applicability of the exclusionary rule to OSHA proceedings.
 
 
 18
 Affirmed.
 
 
 
 *
 Honorable Francis L. Van Dusen, Senior United States Circuit Judge, for the Third Circuit, sitting by designation