**ROBERT K. BELL ENTERPRISES, INC., an Oklahoma corporation, Plaintiff-Appellant,**

v.

**Raymond J. DONOVAN, Successor to Ray Marshall, Secretary of Labor, et al., Defendants-Appellees.**

**No. 81–1677.**

United States Court of Appeals, Tenth Circuit.

June 20, 1983.

Rehearing Denied July 27, 1983.

Bradford S. Baker of Tips, Gibson, Crewson & Baker, Tulsa, Okl., for plaintiff-appellant.

James E. Culp, Washington, D.C. (James E. White, Regional Sol., T. Timothy Ryan, Jr., Sol. of Labor, Frank A. White, Associate Sol. for Occupational Safety and Health, Allen H. Feldman, Counsel for Appellate Litigation, and Charles I. Hadden, Asst. Counsel for Appellate Litigation, U.S. Dept. of Labor, Washington, D.C., with him on the brief), for defendants-appellees.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

The present controversy concerns the efforts of the Occupational Safety and Health Administration to inspect the premises of Robert K. Bell Enterprises, Inc. Bell operates an amusement park in Tulsa, Oklahoma. OSHA's Tulsa area office received a complaint that there were several hazardous working conditions at Bell's park. Pursuant to 29 U.S.C. § 657(f)(1), OSHA's representatives appeared at Bell's park to conduct an inspection. Bell denied them entry. The Secretary thereafter applied to a United States Magistrate for an inspection warrant and was granted one. Pursuant to the warrant, a compliance officer appeared at Bell's premises and was permitted by the company to make an inspection. As a result of its inspection, the Secretary issued a citation alleging a serious violation of the Act for failing to adequately guard pulleys and belts on its "Scrambler" ride and proposing a $200 penalty. In response to the Secretary's citation, Bell filed a timely notice of contest. The Secretary then filed a complaint with OSHRC.

It was at this juncture that Bell brought the present proceeding in the United States District Court for the Northern District of Oklahoma. Bell named the Secretary, OSHA, and several officials of OSHA as defendants and sought declaratory judgment and injunctive relief. Specifically, Bell asked the district court to enjoin the defendants from taking further administrative action against it, and to declare that the inspection and the use of evidence derived from the inspection were in violation of Bell's Fourth Amendment rights. Upon the institution of the present action, the Review Commission stayed further administrative proceedings pending resolution of

the district court proceeding instituted by Bell.

The Secretary filed a motion to dismiss Bell's action for lack of subject matter jurisdiction and failure to state a claim for which relief could be granted. This motion was granted by the district court, which declined to exercise jurisdiction because Bell had failed to exhaust its administrative remedies. Bell filed a notice of appeal from such dismissal. Bell's request for an injunction pending appeal was denied, first by the district court and then by this Court.*

Prior to 1978, it was thought by many that 29 U.S.C. § 657(a) authorized warrantless searches of plant sites by OSHA officials. The Supreme Court in *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978) held, however, that such warrantless searches violated the Fourth Amendment. Since *Barlow's,* OSHA officials, in the absence of consent on the part of an employer, have obtained search warrants in aid of their inspection efforts. The courts have, thereafter, been faced with the recurring problem of when, where, and how challenges to OSHA search warrants may be made. We are here faced with such problem.

As above indicated, the district court in the instant case declined to exercise jurisdiction, holding that under the circumstances Bell should exhaust its administrative remedies. In this regard, the district court noted that the administrative remedy here provided by Congress was a comprehensive scheme of review which afforded Bell an adequate administrative remedy, and then provided for judicial review of final administrative orders by the appropriate Court of Appeals. 29 U.S.C. § 660. In so holding, we find no error on the part of the trial court.

The majority of circuit courts considering this matter have held, as did the district court in the instant case, that a district court should decline to exercise jurisdiction where the administrative process has been commenced, and that the employer should await final administrative action and then obtain judicial review by the appropriate Court of Appeals. Such holdings have been based on either of two grounds: (1) failure to exhaust administrative procedures; or (2) in the exercise of its equitable power, a district court, under the circumstances, should refrain from granting relief. In support of the foregoing, see such cases as: *Baldwin Metals Co., Inc. v. Donovan,* 642 F.2d 768 (5th Cir.), *cert. denied,* 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *Matter of J.R. Simplot Co.,* 640 F.2d 1134 (9th Cir.1981), *cert. denied,* 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 649 (1982); *Marshall v. North American Car Co.,* 626 F.2d 320 (3rd Cir.1980); *Babcock and Wilcox Co. v. Marshall,* 610 F.2d 1128 (3rd Cir.1979); *Marshall v. Central Mine Equipment Co.,* 608 F.2d 719 (8th Cir.1979); *In re Worksite Inspection of Quality Products, Inc.,* 592 F.2d 611 (1st Cir.1979). We are in accord with the result and rationale of these cases, and on that basis, we affirm. Bell's efforts to distinguish those cases from the instant one are not persuasive. Bell also suggests that we follow the rationale of, and the result reached in, *Weyerhaeuser Co. v. Marshall,* 592 F.2d 373 (7th Cir.1979). We prefer to follow the rule of the other cases above cited.

Judgment affirmed.

---

* We are advised by Bell's supplemental brief that after our denial of its request for an injunction pending appeal, the Secretary proceeded to press its administrative action against Bell. In connection therewith, an Administrative Law Judge ordered the citation vacated on the ground that the Secretary failed to show that Bell is an employer affecting interstate commerce. The Secretary has appealed that order to the Review Commission, where, insofar as we are advised, that matter is now pending.