**KENTUCKY LABOR CABINET,**
Appellant,

v.

**William L. GRAHAM, Judge, Franklin Circuit Court, Appellee,**

and

**Tyson Foods, Inc., and River Valley Animal Foods (Real Parties in Interest), Appellees.**

**No. 2000–SC–0283–MR.**

Supreme Court of Kentucky.

April 26, 2001.

---

7. *See* KRS 502.020.

Larry L. Lakin, Brian Keith Saksefski, Jeffersontown, Gordon R. Slone, Labor Cabinet, Office of General Counsel, Frankfort, for appellant.

William P. Curlin, Jr., Robert C. Moore, Hazelrigg & Cox, Frankfort, for Real Parties in Interest Appellees Tyson Foods, Inc.; and River Valley Animal Foods.

COOPER, Justice.

The Kentucky Labor Cabinet sought a writ of prohibition from the Court of Appeals to prevent the Franklin Circuit Court from ruling on the joint motion of the real parties in interest, Tyson Foods, Inc., and River Valley Animal Foods, to quash three search warrants and their joint petition for declaratory/injunctive relief. The Court of Appeals denied the extraordinary remedy of a writ. We now affirm.

The present dispute began on August 16, 1999 when industrial hygienists and compliance officers of the Department of Workplace Standards, a division of the Labor Cabinet, attempted to enter and inspect three facilities in Robards and Sebree, Kentucky, owned by the real parties in interest (hereinafter "Tyson"). Mike Edmonds, Tyson's director of corporate safety, denied them admission. The inspectors immediately sought and obtained three search warrants from the Franklin Circuit Court to conduct referral inspections. The warrants were assigned Franklin Circuit Court Miscellaneous Action Numbers 44, 45, and 46, each entitled *In the Matter of Inspection of: Tyson Foods, Inc.* On August 17, 1999, the officials executed the warrants, though Tyson filed a "Notice of Protest and Reservation of Rights" to ensure its ability to collaterally attack the facially valid warrants without

risking being held in contempt of court.[1]

On August 27, 1999, Tyson attacked the validity of the warrants by filing a joint motion to quash the warrants and a joint petition for declaratory/injunctive relief. To prove the warrants lacked probable cause, Tyson began deposing Labor Cabinet employees involved in their issuance. The Labor Cabinet took exception and moved the Franklin Circuit Court to quash the discovery and dismiss the joint petition. The Franklin Circuit Court denied both motions. On February 7, 2000, Labor Cabinet officials issued citations against Tyson based on evidence obtained during the searches. The Cabinet then petitioned the Court of Appeals to issue a writ prohibiting the Franklin Circuit Court from quashing the search warrants.

■ As the issues on this appeal are to be decided as a matter of law, our review of the Court of Appeals decision is not confined to an abuse of discretion inquiry. *Sisters of Charity Health Sys., Inc. v. Raikes,* Ky., 984 S.W.2d 464, 465 (1998). Thus, we are guided by the longstanding principle of law stating that a writ of prohibition will be granted only upon a showing that:

1) the lower court is proceeding or is about to proceed outside its jurisdiction and there is no adequate remedy by appeal, or 2) the lower court is about to act incorrectly, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result.

*Southeastern United Medigroup, Inc. v. Hughes,* Ky., 952 S.W.2d 195, 199 (1997).

■ The Labor Cabinet contends that no adequate remedy by appeal need be shown if a lower court is acting outside its jurisdiction, citing *Beaven v. McAnulty,* Ky., 980 S.W.2d 284, 288–89 (1998); however, that proposition goes against the great weight of authority. *Commonwealth v. Maricle,* Ky., 10 S.W.3d 117, 121 (1999); *Commonwealth v. Ryan,* 5 S.W.3d 113, 115 (1999); *Fischer v. State Bd. of Elections,* Ky., 847 S.W.2d 718, 720 (1993); *Clark v. Ardery,* 310 Ky. 836, 222 S.W.2d 602, 604 (1949); *Stafford v. Bailey,* 301 Ky. 155, 191 S.W.2d 218, 219 (1945). The requirement of showing that there is no adequate remedy by appeal emphasizes that a writ is an extraordinary remedy used "to shield a [party] from injustice, against which there [is] no other adequate remedy and to preserve the ordinary administration of the laws." *Ohio River Contract Co. v. Gordon,* 170 Ky. 412, 186 S.W. 178, 181 (1916), *aff'd,* 244 U.S. 68, 37 S.Ct. 599, 61 L.Ed. 997 (1917).

> It has not, however, at any time been held that the writ of prohibition will issue in every instance and on every occasion, merely, because the court is proceeding out of its jurisdiction. Ordinarily when a court is proceeding out of its jurisdiction, there exists an ample and adequate remedy by appeal. In such cases the writ has been denied.

*Id.*

The Labor Cabinet argues alternatively that the Franklin Circuit Court was operating outside of its jurisdiction, or that it was acting erroneously within its jurisdiction, or that depositions are not permitted in ex parte, non-adversarial proceedings. We agree that the Franklin Circuit Court lacks jurisdiction to quash the warrants, but conclude that the Labor Cabinet has an adequate remedy by appeal. Thus, the extraordinary remedy of a writ is not available.

---

1. The record does not disclose how long the searches lasted, though it is clear that Tyson filed its reservation of rights while the searches were ongoing.

## I. JURISDICTION.

This is an issue of first impression in Kentucky. The Kentucky Occupational Safety and Health Act (hereinafter "KOSHA"), housed in KRS chapter 338, was enacted in 1972 in response to the Federal Occupational Safety and Health Act of 1970. 29 U.S.C. §§ 651 et seq. The federal act authorizes states to assume the responsibility for ensuring safe workplace environments so long as the standards articulated are at least as stringent as the federal standards. 29 U.S.C. § 67(c). In that regard, the General Assembly defined the purpose of KOSHA as being "to promote the safety, health and general welfare of its people by preventing any detriment to the safety and health of all employees, both public and private . . . arising out of exposure to harmful conditions and practices at places of work. . . ." KRS 338.011. The General Assembly then granted the Commissioner of the Department of Workplace Standards, or an authorized representative, the power "[t]o enter without delay and advance notice any place of employment during regular working hours and at other reasonable times in order to inspect such places . . . to determine the cause of, or to prevent the occurrence of, any occupational injury or illness."[2] KRS 338.101(1)(a). Subsection (1)(b) of that statute authorizes the Commissioner to take depositions, photographs, and other evidence necessary to determine if an employer has violated any of KOSHA's provisions. KRS 338.141 then authorizes the Commissioner to issue citations for any such violations.

KOSHA also established the Kentucky Occupational Safety and Review Commission (hereinafter the "Review Commission"), a three-member panel designed to "hear and rule on appeals from citations, notifications, and variances" and "adopt and promulgate rules and regulations with respect to the procedural aspects of its hearings." KRS 338.071(4). KRS 338.081 authorizes the Review Commission, or a duly appointed hearing officer, to "subpoena and examine witnesses, require the production of evidence, administer oaths, and take testimony and depositions" in order to rule on appeals from citations. KRS 338.081 also grants the Review Commission the power to sustain, modify or dismiss citations and penalties assessed against employers. Finally, the General Assembly guaranteed any adversely affected party a right of appeal to the Franklin Circuit Court, and then to the Court of Appeals, but added the proviso that "[n]o new evidence may be introduced to the Circuit Court." KRS 338.091(1).

Thus, the General Assembly has created an intricate process whereby the Review Commission is the primary arbiter of KOSHA disputes. The Department of Workplace Standards, a branch of the Labor Cabinet, has the authority to search for, discover, and penalize KOSHA violations. The Review Commission, another branch of the Labor Cabinet, then reviews these citations, first through a hearing officer and then by the Review Commission on discretionary review. 803 KAR 50:010(36), (48). Under the statutory scheme, only the Review Commission or its hearing officer can create a record for review by the

---

2. In *Yocom v. Burnette Tractor Co.,* Ky.App., 555 S.W.2d 823 (1977), *aff'd,* Ky., 566 S.W.2d 755 (1978), the Court of Appeals held that KRS 338.101(1)(a) does not authorize a warrantless search in contravention of the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution.

Later that year, the United States Supreme Court agreed, holding that the United States Constitution requires federal OSHA inspectors to have a warrant. *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978).

judiciary branch. KRS 338.091(1); KRS 338.081(2). And the regulations established by the Review Commission, pursuant to KRS 338.071(4), allow for hearings in which the Kentucky Rules of Civil Procedure and Rules of Evidence are in effect, depositions can be taken, witnesses examined, and evidence excluded. 803 KAR 50:010(4), (36), (42), and (44).

■ Thus, the General Assembly clearly intended that the Review Commission would act as the fact-finder in KOSHA disputes—not the Franklin Circuit Court. Tyson is asking the Franklin Circuit Court to determine the accuracy of information contained in affidavits used to obtain search warrants that have already been executed. The General Assembly has clothed the Review Commission with both the task and power to address virtually every KOSHA controversy.[3] KRS 338.081(2). That includes the authority to resolve factual disputes and to exclude evidence improperly obtained. The issue before the Franklin Circuit Court is essentially a factual dispute as to the accuracy of the affidavits on which the search warrants were based. The effect of an unfavorable finding would be the suppression of the evidence obtained as a result of the searches conducted pursuant to the warrants. These are functions of a fact-finder; not a court of review.

■ Federal case law supports the conclusion that the Franklin Circuit Court lacks jurisdiction over the present matter. As KOSHA is patterned after the federal act and must remain as effective as its federal counterpart,[4] KOSHA should be interpreted consistently with federal law. *Ammerman v. Bd. of Educ.*, Ky., 30 S.W.3d 793, 797–98 (2000). Under federal law, OSHA inspectors must obtain a warrant from the district court or its magistrate before searching an employer's premises. The issue then becomes whether an employer can challenge the executed warrant in district court or must first exhaust its administrative remedies. Only the Seventh Circuit has held that an employer can challenge an executed OSHA warrant in district court. *See Weyerhaeuser Co. v. Marshall*, 592 F.2d 373 (7th Cir.1979); *but see In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 814 (7th Cir.1991) (retreating from *Weyerhaeuser* to require exhaustion). The majority view is that "exhaustion [of administrative remedies] is a prerequisite to judicial review of an executed OSHA warrant." *In re Establishment Inspection of Gould Pub. Co.*, 934 F.2d 457, 459 (2nd Cir.1991); *see also Robert K. Bell Enter. v. Donovan*, 710 F.2d 673, 675 (10th Cir.1983), *cert denied*, 464 U.S. 1041, 104 S.Ct. 705, 79 L.Ed.2d 170 (1984); *In re Establish Inspection of Metal Bank*, 700 F.2d 910, 915 (3rd Cir.1983); *Baldwin Metals Co. v. Donovan*, 642 F.2d 768, 775 (5th Cir. Unit A 1981), *cert denied*, 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *In re Establishment Inspection of J.R. Simplot Co.*, 640 F.2d 1134, 1137 (9th Cir.1981), *cert denied*, 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 649 (1982).

■ Exhaustion of administrative remedies is a "long-settled rule of judicial

---

**3.** An exception occurs when an employer refuses entrance to inspectors and the warrants are never executed. *See infra* note 7.

**4.** 29 U.S.C. § 667(c) requires that any state plan must grant inspectors the same right to search premises as that provided to federal inspectors. Additionally, 29 C.F.R.1952.235, which granted final approval for Kentucky's plan on June 13, 1985, states "[f]ailure by the State to comply with its obligations may result in the revocation of the final determination ... resumption of Federal enforcement, and/or proceedings for withdrawal of plan approval."

administration" which states that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). The purpose of this doctrine "is to allow an administrative agency to perform functions within its special competence—to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson,* 405 U.S. 34, 37, 92 S.Ct. 815, 818, 31 L.Ed.2d 17 (1972).

 These same factors mandate application of this doctrine to KOSHA cases. As stated above, the General Assembly intended for the Review Commission to create a factual record. The second factor, agency expertise, is equally present; KOSHA was enacted for the express purpose of ensuring employee health and safety. Finally, the mooting of judicial controversies weighs heavily in favor of applying the doctrine of exhaustion of administrative remedies in KOSHA cases. Tyson contends that the Review Commission cannot remedy the injury of an unconstitutional search. However, while the Review Commission lacks the power to quash an executed warrant, it can, in its hearings,

exclude evidence illegally obtained. KRS 338.081(2); 803 KAR 50:010(36), (44).

 A Fourth Amendment violation occurs at the moment of the unconstitutional search;[5] it is then that the privacy protected by the Fourth Amendment is shattered. *United States v. Calandra,* 414 U.S. 338, 347, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974). The exclusionary rule was adopted "to prevent, not to repair. Its purpose is to deter—to compel respect for the constitutional guaranty in the only effectively available way—by removing the incentive to disregard it."[6] *Elkins v. United States,* 364 U.S. 206, 217, 80 S.Ct. 1437, 1444, 4 L.Ed.2d 1669 (1960). Here, the searches conducted pursuant to the allegedly defective warrants have already occurred; thus, even the Franklin Circuit Court, which issued the warrants, could not quash the warrants and redress the constitutional injury.[7] Once the warrants had been executed, the Franklin Circuit Court, if it had jurisdiction to do so, could only suppress the illegally obtained evidence. The Review Commission has exactly the same power. Furthermore, safeguards exist should allegedly illegal evidence be used against an employer, *i.e.,* the right of judicial review.[8] Thus, the jurisdiction to decide whether already-executed administrative warrants

---

**5.** The Fourth Amendment is made applicable to the states by the Fourteenth Amendment. *See Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961).

**6.** The use of illegally obtained evidence against an employer does not represent a new constitutional injury. *See Baldwin Metals Co. v. Donovan, supra,* at 774.

**7.** In fact, neither the Franklin Circuit Court, nor any other court, can quash an already-executed warrant. *Babcock & Wilcox Co. v. Marshall,* 610 F.2d 1128, 1134 (3rd Cir.1979). However, had Tyson refused entry and contested the warrants in contempt proceedings, the Franklin Circuit Court could have pre-

vented the Fourth Amendment injury by quashing the warrants before they were executed. In that instance, the Franklin Circuit Court would still retain jurisdiction over its own warrants. *Baldwin Metals Co., supra,* at 774 n. 13; *see also Metal Bank, supra,* at 914 n. 5.

**8.** The federal circuits that support application of the doctrine of exhaustion of administrative remedies to this issue lean heavily on the fact that judicial review is always available to an aggrieved party, thus holding the agency in check. *See Baldwin Metals Co., supra,* at 773; *Donovan v. Sarasota Concrete Co.,* 693 F.2d 1061, 1065–66 (11th Cir.1982).

were based on inaccurate affidavits rests with the Review Commission, not the Franklin Circuit Court.

■ Tyson argues that the requirement of exhaustion of administrative remedies does not apply here because it is asserting a violation of a constitutional right and/or it would be futile to proceed through the administrative process. In this respect, Tyson is misapplying the principle that a party need not exhaust administrative remedies when "there are no disputed factual questions to be resolved and the issue is confined to the validity or application of a statute or ordinance." *Franklin v. Natural Res. and Env't. Prot. Cabinet,* Ky., 799 S.W.2d 1, 2 (1990); *see also Harrison's Sanitarium, Inc. v. Dep't of Health,* Ky., 417 S.W.2d 137, 138 (1967); *Rosary Catholic Parish v. Whitfield,* Ky.App., 729 S.W.2d 27, 29 (1987). That exception has no application here because Tyson has not questioned the constitutionality of KRS 338.101 (the statute authorizing KOSHA searches) and because disputed facts exist (the accuracy of the affidavits supporting the warrants). Tyson's reliance on *International Society for Krishna Consciousness, Inc. v. Commonwealth,* Ky.App., 610 S.W.2d 910 (1980) is also misplaced. That case dealt with the constitutionality of a tax assessment, not the factual accuracy of an affidavit used to obtain a search warrant. Nor is it futile for Tyson to proceed through the administrative process. The Review Commission has the authority to exclude illegally seized evidence, thereby nullifying the citations; and Tyson has presented no evidence that administrative review would be an exercise in futility.

■ Finally, Tyson argues that it has presented enough evidence to warrant a

*Franks* hearing. In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court held that when a criminal defendant proves that "a false statement knowingly and intentionally, or with reckless disregard for the truth" was made by the affiant on the warrant affidavit, and "if the allegedly false statement is necessary to the finding of probable cause," then the Fourth Amendment requires a hearing on the matter. *Id.* at 155–56, 98 S.Ct. at 2676. This holding abolished the rule in many states, including Kentucky,[9] that a defendant could never challenge the veracity of a sworn statement used to procure a facially valid warrant. A successful challenge results in the suppression of the obtained evidence. *Id.*

■ Federal courts have held *Franks* applicable to federal OSHA cases. *Brock v. Brooks Woolen Co.,* 782 F.2d 1066 (1st Cir.1986). However, in that case the First Circuit held that so long as the agency is willing to conduct the *Franks* hearing, no reason exists for the judicial branch to do so. *Id.* at 1068. This reasoning is persuasive. The Review Commission has not refused to conduct a *Franks* hearing and presumably will not refuse to do so. As the primary arbiters of KOSHA disputes and creators of the factual record, the Review Commission must act in a fair and equitable manner. If not, then Tyson can seek redress by judicial review. KRS 338.091.

## II. ADEQUATE REMEDY BY APPEAL.

■ Even though the Franklin Circuit Court is operating outside of its jurisdiction in considering the accuracy of the affidavits supporting the search warrants, the Labor Cabinet is still not entitled to the remedy of a writ absent a showing that

9. *See, e.g., Caslin v. Commonwealth,* Ky., 491 S.W.2d 832, 834 (1973); *Reitzel v. Commonwealth,* 203 Ky. 186, 261 S.W. 1106, 1107 (1924).

it has no adequate remedy by appeal from an unfavorable ruling. *Southeastern United Medigroup, supra*, at 199. An order quashing an executed warrant is appealable. *Cf. Babcock & Wilcox Co., supra* note 7, at 1133. If these warrants were quashed, the probable effect would be to terminate the KOSHA proceedings which were premised upon the evidence obtained as a result of the searches. KOSHA inspectors would have to obtain new warrants and begin a new search of Tyson's facilities, which, by then, could have been brought into compliance with KOSHA standards—thus, defeating the operation and purpose of the act.

■ Our conclusion that the Franklin Circuit Court is operating outside of its jurisdiction obviates the need to address whether it is operating erroneously within its jurisdiction. Nor need we decide whether discovery is permitted in an *ex parte* proceeding. We do not perceive that this proceeding is being conducted *ex parte*. Regardless, since the proceeding, is, itself, unauthorized, there is no need to address the efficacy of the procedures employed therein.

As the Labor Cabinet has an adequate remedy by appeal from an adverse decision of the Franklin Circuit Court, the order of the Court of Appeals is affirmed and the petition for a writ of prohibition is denied.

All concur.