608 F.2d 719
 7 O.S.H. Cas.(BNA) 1907, 1979 O.S.H.D. (CCH) P 24,004
In the Matter of the Inspection of Central Mine Equipment Company.
Ray MARSHALL, Secretary, United States Department of Labor, Appellant,
v.
CENTRAL MINE EQUIPMENT COMPANY, Appellee.
 No. 79-1251.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 9, 1979.
Decided Nov. 5, 1979.
 
 Thomas L. Holzman, Washington, D. C., for appellant; Carin A. Clauss, Sol. of Labor, Benjamin W. Mintz, Associate Sol., for Occupational Safety and Health, Allen H. Feldman, Acting Counsel for Appellate Litigation, Charles I. Hadden, Atty., U. S. Dept. of Labor, Washington, D. C., and Tedrick A. Housh, Jr., Regional Sol., Kansas City, Mo., on brief.
 William T. Weidle, Jr., St. Louis, Mo., for appellee.
 Before LAY, HEANEY and HENLEY, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 The Secretary of Labor appeals from an order (1) quashing an Occupational Safety and Health Act (OSHA) search warrant which authorized the wall-to-wall inspection of Central Mine Equipment Company (Central Mine), and (2) granting Central Mine's motion to suppress the evidence seized in the search undertaken pursuant to that warrant. The District Court summarily affirmed a magistrate's order which quashed the warrant and suppressed the evidence because the original warrant was overbroad in geographic scope.
 
 
 2
 A magistrate issued the warrant upon the Secretary's application, which was based on a former Central Mine employee's complaint of specific unsafe conditions at its work place, including excessive grinding dust, argon and carbon dioxide gases, welding fumes and the lack of hoists to lift heavy parts. The warrant, issued on September 5, 1978, authorized the search of Central Mine's entire work place. The warrant's return shows that the inspection was made on September 6 and 7, 1978. Central Mine moved to quash the warrant and suppress the evidence obtained under its authority. The magistrate granted the motions on November 16, 1978, and ordered the issuance of a new warrant which limited the search to the inspection of (1) all aspects of production welding operations, (2) the sampling of the working environments of all production areas for excessive fumes and dust, and (3) the inspection of all records and documents and the questioning of the employer and employees regarding (1) and (2). The magistrate reasoned that the Fourth Amendment required the search to be reasonable in light of the facts that form the basis of the government's interest in that search. He therefore limited the new warrant to the areas reasonably related to the facts set out in the former employee's complaint.
 
 
 3
 The Secretary contends that because the magistrate was given specific evidence of an existing OSHA violation at Central Mine, the Secretary is entitled to a warrant authorizing a wall-to-wall search designed to uncover other unrelated OSHA violations at the work place. The Secretary urges that expediency dictates this result. OSHA inspectors executing a limited warrant will probably observe conditions that would lead them to suspect other violations that could not be confirmed without a more detailed inspection. Such further inspection would require another warrant, forcing the inspector to terminate his inspection and appear again before the magistrate, who would issue another limited warrant. This duplication of effort, the Secretary argues, wastes the resources of both the Department and the magistrate and hampers efficient administration of the Act.
 
 
 4
 We do not, however, reach the merits of the Secretary's contentions because we are compelled to vacate the District Court's order on a different ground.[1] Inasmuch as the motion to quash the warrant was decided after the warrant's return showing inspection of the work place, it is in the nature of a motion to suppress evidence. In re Worksite Inspection of Quality Products, 592 F.2d 611, 613-614 (1st Cir. 1979). In essence, Central Mine sought to have the fruits of the search declared inadmissible in any subsequently commenced OSHA enforcement proceeding. This raises a question that neither the District Court nor the magistrate explicitly considered:
 
 
 5
 That question is whether an employer faced with an OSHA administrative enforcement proceeding may separately litigate in the district court whether evidence obtained in an inspection conducted under a warrant issued by a magistrate should be barred from use in the OSHA case.
 
 
 6
 Id. at 614.
 
 
 7
 The grant of a motion to suppress evidence, brought in an action separate from that in which the evidence might be introduced against the movant, requires the exercise of a court's equitable jurisdiction. Pieper v. United States, 604 F.2d 1131 at 1133 (8th Cir. 1979); In re Worksite Inspection of Quality Products, supra at 614. This jurisdiction stems from the federal district courts' "inherent power to order the suppression or return of unlawfully seized property prior to an indictment." Id. See Hunsucker v. Phinney, 497 F.2d 29, 31-32 (5th Cir. 1974), Cert. denied, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975). However, this jurisdiction is of an exceptional nature and its exercise is subject to equitable restraints. In re Worksite Inspection of Quality Products, supra at 614; Hunsucker v. Phinney, supra at 34. See Pieper, v. United States, supra at 1133. In Quality Products, a case involving another challenge to the validity of an OSHA inspection pursuant to a warrant, the First Circuit reversed the District Court's exercise of equitable jurisdiction; in Pieper, we affirmed the District Court's refusal to exercise its equitable powers. In both those cases, and in Hunsucker, the primary equitable restraint on the exercise of jurisdiction was the availability to the plaintiff of an adequate remedy at law. We agree with the First and Fifth Circuits that equitable jurisdiction should not be exercised unless the plaintiff "clearly demonstrates that his constitutional rights cannot be adequately adjudicated in the pending or anticipated enforcement proceeding against him." In re Worksite Inspection of Quality Products, supra at 615; See Hunsucker v. Phinney, supra at 34-35.
 
 
 8
 If the Secretary commences a statutory enforcement proceeding against Central Mine,[2] Central Mine may then raise its challenge to the validity of the search under which the evidence was obtained. Even if the Commission will not consider this challenge,[3] the Occupational Safety and Health Act provides for appeal to a Court of Appeals[4] which could consider the constitutional issue. We cannot say that these proceedings will not afford Central Mine an adequate remedy for any constitutional violation which may have occurred. On the other hand, if the Secretary elects or has elected not to bring an enforcement proceeding against Central Mine, we cannot hold that the plaintiff is suffering or will suffer from any irreparable harm that warrants the exercise of equitable jurisdiction. See Pieper v. United States, supra at 1133. The District Court should, therefore, in equity, have refrained from exercising its subject matter jurisdiction over Central Mine's motion to suppress evidence and quash the executed warrant.
 
 
 9
 We accordingly remand to the District Court with directions to vacate its order affirming the magistrate's decision, and to enter an order dismissing the motions for want of equity without prejudice to Central Mine's right to pursue the same in any statutory enforcement proceeding.
 
 
 
 [1]
 The Secretary's position would appear to be a tenuous one. Although Marshall v. Barlow's Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), which requires warrants for OSHA inspections made pursuant to a general administrative plan derived from neutral criteria, indicated that full-scale searches may be made without specific knowledge of existing violations, this does not necessarily authorize wall-to-wall inspections that are non-routine responses to individual complaints. The reasonableness of a search is dependent on the balance between "the need for the intrusion on the one hand, and the threat of disruption to the occupant on the other." Michigan v. Tyler, 436 U.S. 499, 507, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). In striking that balance, the magistrate who issues a search warrant must "perform the important function of preventing harassment by keeping that invasion (of the subject's privacy) to a minimum." Id. at 508, 98 S.Ct. at 1949. The performance of that function may require "a more particularized inquiry" in the context of non-routine investigatory searches than in the case of routine inspections, which are made under "guidelines specifying the purpose, frequency, scope, and manner of conducting the inspections." Id. at 507, 98 S.Ct. at 1949. Many factors, including the scope of the search, are relevant in determining the reasonableness of the non-routine inspection. Id. Michigan v. Tyler, therefore, appears to require that an OSHA search made pursuant to a specific report of a violation be no more intrusive than necessary to investigate that violation. In cases such as this, in which the work place is large and compartmentalized, the geographic scope of the inspection may be limited without rejection or diminution of the government's legitimate interest in correcting the alleged violation; in other cases, a meaningful limitation on the scope of the search will be more difficult to devise. See, e. g., Matter of Establishment Inspection, Etc., 589 F.2d 1335, 1343 (7th Cir. 1979), Cert. denied, 48 U.S.L.W. 3222, --- U.S. ----, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979)
 
 
 [2]
 After inspection, compliance officers may issue citations which describe the nature of the violation, including reference to the statute or regulation allegedly violated. 29 U.S.C. §§ 657(a), 658(a). The Secretary must notify the employer of proposed civil penalties. 29 U.S.C. § 659(a). The employer may contest the citation and the Commission must afford a hearing in accordance with 5 U.S.C. § 554. 29 U.S.C. § 659(c)
 
 
 [3]
 The Commission has stated in a prior enforcement proceeding that it will not consider challenges to the validity of a warrant issued by a magistrate. Secretary of Labor v. Electrocast Steel Foundry, Inc., 6 OSHC 1562, 1563 (April 21, 1978)
 
 
 [4]
 An employer who is unsatisfied with the final decision of the Secretary has a right to directly appeal to the appropriate Circuit Court of Appeals. 29 U.S.C. § 660(a). The judgment of that Court is reviewable by the Supreme Court. 29 U.S.C. § 660(a), 28 U.S.C. s1254