642 F.2d 768
 9 O.S.H. Cas.(BNA) 1568, 1981 O.S.H.D. (CCH) P 25,325
BALDWIN METALS COMPANY, INC., Plaintiff-Appellee,
v.
Raymond J. DONOVAN, Secretary of Labor, Etc., and
Occupational Safety and Health Review Commission,
Defendants-Appellants.
MOSHER STEEL COMPANY, a Division of Trinity Industries,
Plaintiff-Appellee,
v.
Raymond J. DONOVAN, Secretary of Labor et al., Defendants-Appellants.
 Nos. 79-2548, 79-2870.
 United States Court of Appeals,
Fifth Circuit.
 
 Unit A
 April 13, 1981.
 Laura V. Fargas, Carin A. Clauss, Sol. of Labor, Allen H. Feldman, Acting Counsel for Appellate Litigation, Charles I. Hadden, Acting Asst. Counsel for Appellate Litigation, Ann D. Nachbar, Benjamin W. Mintz, Associate Sol., U. S. Dept. of Labor, Washington, D. C., Jamie C. Boyd, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., James E. White, Regional Sol., U. S. Dept. of Labor, Dallas, Tex., for Donovan.
 Al J. Daniel, Ronald R. Glancz, Appellate Staff, Civ. Div., U. S. Dept. of Justice, Washington, D. C., for O.S.H.R.C.
 McCarty & Wilson, Robert E. Rader, Jr., Ennis, Tex., for plaintiffs-appellees.
 Charles A. Blackmar, Jane Ellen Nelson, Christopher S. Bond, Kansas City, Mo., for Frisco Engineering Fabrication Erection Co., Inc., amicus curiae.
 Appeals from the United States District Court for the Northern District of Texas.
 Appeal from the United States District Court for the Western District of Texas.
 Before GOLDBERG, POLITZ and SAM D. JOHNSON, Circuit Judges.
 GOLDBERG, Circuit Judge:
 
 
 1
 In Marshall v. Barlows, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), the Supreme Cartographer placed us on the Constitutional highway governing the validity of search warrants issued for OSHA[1] investigations. Although this is the Fifth Circuit's first trip along this road, possible routes and destinations have been mapped out by four of our sister circuits.[2] Because we believe that the geodetics proposed by the First, Third and Eighth Circuits provide the better approaches, we now number ourselves among the mapmakers sanctioning these routes.
 
 
 2
 I. Beginning the Journey: Checking the Rearview Mirror
 
 
 3
 Prior to 1978, it was thought that section 8(a) of the Occupational Safety and Health Act of 1970[3] authorized warrantless searches by OSHA officials. See Secretary of Labor v. Chromalloy American Corp., OSHRC No. 77-2788, 7 OSHC (BNA) 1547 (Rev.Comm'n July 17, 1979). Problems associated with reviewing the validity of OSHA search warrants never arose, since there was no need to obtain a warrant in order to conduct an OSHA search. However, once the Supreme Court in Barlows, supra, held that the authorization of warrantless OSHA searches was unconstitutional, the courts were forced to decide when and where challenges to the OSHA search warrants were to be litigated.
 
 
 4
 The problem of reviewing the validity of OSHA search warrants was especially troublesome when Occupational Safety and Health Review Commission (OSHRC) proceedings had already been initiated. In such cases, tension was created between district court review of federal magistrates and the time-honored doctrine of exhaustion of administrative remedies. Since the warrants are issued by federal magistrates, and since review of magistrates' decisions is ordinarily entrusted to the district court,[4] the federal district courthouse would seem to be the best place to litigate the validity of OSHA warrants. However, once the administrative process has begun, the exhaustion of administrative remedies doctrine would preclude judicial review until a final agency decision is rendered. Since OSHRC decisions are directly appealable to the circuit courts of appeals, judicial review of a warrant's validity would not take place until the appellate stage, thereby totally bypassing district court review of the magistrate's decision to issue a warrant. With these conflicting policies and rules of law in mind, we begin our journey through the OSHA enforcement process.
 
 
 5
 II. A Drive Through Baldwin Metals and Mosher Steel
 
 
 6
 The consolidated appeals before us present strikingly similar cases in which the pertinent facts are virtually undisputed. No. 79-2548 involves Baldwin Metals Co. ("Baldwin") of Dallas, Texas. In November 1978, OSHA officials attempted to investigate safety conditions at Baldwin's plant and were refused admission. They subsequently applied for and were granted an inspection warrant issued by a United States Magistrate for the Northern District of Texas. The OSHA officials returned to the plant armed with the warrant and were allowed to enter.[5] Based upon the evidence uncovered during the search, OSHA citations were issued against Baldwin in January 1979. Baldwin subsequently filed a complaint in district court seeking a declaration that the warrant was unconstitutional, an order suppressing the use of any evidence obtained pursuant to the warrant, and an injunction prohibiting OSHA from taking further action based on the allegedly unconstitutional search. In addition, in order to prevent any immediate OSHA action, Baldwin asked for a preliminary injunction seeking essentially the same relief. The district court granted the preliminary injunction and this appeal followed.
 
 
 7
 No. 79-2870 involves Mosher Steel Co. ("Mosher") and its plant in San Antonio, Texas. On November 27, 1978, OSHA officials, having already obtained an inspection warrant, attempted to search Mosher's plant but were not permitted entry. Two days later the officials returned, and were allowed to enter over the protests of Mosher's representatives.[6] The officials conducted a search of the premises, and issued citations based on the evidence seized during the search. Mosher filed a complaint in federal district court seeking a declaration that the warrant was unconstitutional, an order suppressing the use of any evidence obtained pursuant to the warrant, and an injunction prohibiting OSHA from taking further action based on the allegedly unconstitutional search. The district judge granted the declaratory and injunctive relief requested by Mosher, and this appeal followed.
 
 
 8
 The issue presented in both cases is whether a federal district court may properly declare an OSHA search warrant to be invalid, and may enjoin the use of evidence seized pursuant to the warrant, before a final administrative decision has been rendered. We now examine this issue, first in light of the exhaustion of remedies doctrine, and then in light of the exercise of equitable jurisdiction.
 
 
 9
 III. The First Stop Along the Road: Trouble With the Exhaust System
 
 
 10
 Any examination of the exhaustion of administrative remedies doctrine should begin with the classic pronunciation by the United States Supreme Court that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938); see McClendon v. Jackson Television, Inc., 603 F.2d 1174 (5th Cir. 1979); In re Restland Memorial Park, 540 F.2d 626 (3d Cir. 1976); Barnes v. Chatterton, 515 F.2d 916 (3d Cir. 1975). However, the rule has numerous exceptions and exhaustion of remedies is not required in all circumstances. See, e. g., Weyerhaeuser, supra; Cerro Metal Products v. Marshall, 620 F.2d 964 (3d Cir. 1980); Rhodes v. United States, 574 F.2d 1179 (5th Cir. 1978); American Federation of Government Employees, Local 1668 v. Dunn, 561 F.2d 1310 (9th Cir. 1977). In the cases at bar we must thus determine whether the policies behind the exhaustion of remedies rule would be served by requiring exhaustion, and whether any exception to the exhaustion rule applies to the facts before us.
 
 
 11
 The reasons for the exhaustion of administrative remedies doctrine include protecting administrative autonomy, deferring to agency expertise, facilitating judicial review through creation of a factual record by the agency, and conserving the time and energy of the courts since the judicial controversy may be mooted if the agency grants the relief sought. See Dunn, supra, 561 F.2d at 1314; Ecology Center of Louisiana, Inc. v. Coleman, 515 F.2d 860 (5th Cir. 1975). In a case similar to the ones at bar today, the Seventh Circuit held that because the reasons underlying the exhaustion doctrine did not fit the facts of the case before it, exhaustion of remedies was not required. Weyerhaeuser, supra, 592 F.2d at 376. Since the constitutional challenges in the cases at bar and in the Seventh Circuit's case all involve the facial validity of a warrant, a factual record is not required for judicial review, and we agree with the Seventh Circuit's rejection of this rationale. Moreover, we agree with the Seventh Circuit's conclusion that interests of agency expertise do not require exhaustion, since agency officials have no special expertise which would make them adept at handling issues concerning the constitutional validity of warrants. However, we disagree with the determination that constitutional issues may not be mooted by an agency decision in favor of the allegedly aggrieved party, and we find that interests of administrative autonomy weigh in favor of requiring exhaustion of remedies in cases like the ones at bar. Therefore, we disagree with the conclusion of the Seventh Circuit, and we hold that the exhaustion of remedies rule applies to the present cases.
 
 
 12
 The Seventh Circuit found that there was no possibility of mooting the issue of the warrant's constitutionality, since if the warrant and subsequent search were unconstitutional, the fourth amendment injury would remain even if the citations were dismissed. Id. at 376. The court thus distinguished between the injury resulting from the citations and the injury resulting from the search, and held that while a favorable ruling by OSHRC might relieve the former, it could not affect the latter. However, the declaratory and injunctive relief sought in cases like the one before the Seventh Circuit and the ones at bar merely seeks to preclude administrative action based on the allegedly unconstitutional searches. If the OSHA citations against the administrative defendants are dismissed for any reason, the injunctive and declaratory relief sought in federal court would be of no value. Hence, while the alleged injury resulting from the search is indeed different than the alleged injury resulting from the citations, the relief sought in cases like the ones at bar concerns the latter. Since the issue might therefore be mooted by dismissal of the citations in the administrative proceeding, the rationale behind the exhaustion of remedies doctrine applies.[7]
 
 
 13
 Applying this analysis to the cases at bar, it is clear that OSHRC decisions in favor of Baldwin and Mosher will moot the issues of the warrants' constitutionality. If the citations against Baldwin and Mosher are resolved in the companies' favor for any reason, there will be no need for declaratory and injunctive relief regarding the warrants. Indeed, if the OSHA citations pursuant to the warrants are dismissed, granting the declaratory and injunctive relief requested would serve no purpose other than to announce to the world that the searches conducted were unconstitutional.[8] See Babcock & Wilcox, supra, 610 F.2d at 1138.
 
 
 14
 Additionally, requiring exhaustion of remedies in the cases at bar would serve to protect the autonomy of OSHRC enforcement proceedings. Allowing the district courts to consider requests for declaratory and injunctive relief concerning OSHA warrants prior to a final administrative decision invites dilatory tactics by companies faced with an enforcement proceeding. See Babcock & Wilcox, supra, 610 F.2d at 1140; Quality Products, supra, 592 F.2d at 616; infra, page 776. Requiring exhaustion of remedies thus prevents administrative defendants from throwing a wrench into the enforcement machinery.[9]
 
 
 15
 Once it has been determined that there is a valid reason for applying the exhaustion of remedies doctrine, the exceptions to the rule must be considered. If resort to the prescribed administrative procedures would be futile or inadequate to prevent irreparable injury, or if blatant violations of constitutional or statutory rights have already occurred, the exhaustion of administrative remedies should not be required. Rhodes v. United States, 574 F.2d 1179 (5th Cir. 1978); Susquehanna Valley Alliance v. Three Mile Island Nuclear Reactor, 619 F.2d 231 (3d Cir. 1980); Barnes, supra, 515 F.2d at 920-21. In the cases before us, the allegedly improper searches do not present "clear" or "unambiguous" violations of constitutional or statutory rights, and so this exception to the exhaustion of remedies rule is inapplicable. Moreover, we are presented with no evidence that agency review before OSHRC would be futile, and so this exception is inapplicable as well. The only exception to the exhaustion doctrine which merits extended discussion in these cases is the possibility that irreparable harm will result if the exhaustion of remedies requirement is applied. Appellees make two arguments in this regard.
 
 
 16
 First, Baldwin and Mosher argue that requiring exhaustion of remedies in these cases violates the separation of powers guaranteed by the Constitution. They suggest that allowing OSHRC to hear the case prior to any judicial hearing invites an executive agency Review Commission to make constitutional rulings on the warrant's validity and denies the companies their right to judicial review of constitutional issues. Appellees' argument ignores the appellate process by which OSHRC decisions are reviewed. The administrative defendants have the right to appeal adverse OSHRC rulings to the courts of appeals, and judicial review of constitutional issues such as the validity of a warrant may take place at this level.[10] See 29 U.S.C.A. § 660(a) (West 1975). No injury to defendants can occur, since review of the OSHRC decision will be heard by the same court of appeals which would have reviewed a federal district court's decision concerning the constitutionality of a warrant. See Babcock & Wilcox, supra, 610 F.2d at 1140. Hence, since judicial review of the warrant's constitutionality is guaranteed by the right to appeal adverse OSHRC rulings to a federal court of appeals, Baldwin and Mosher will suffer no irreparable injury by being required to exhaust administrative remedies before bringing their claims to federal court.[11]
 
 
 17
 The second irreparable injury claimed by Baldwin and Mosher is that requiring exhaustion of remedies in the cases at bar would force them to defend against unconstitutionally seized evidence in the administrative proceeding. This argument is puzzling, since the irreparable injury from the search itself has already been accomplished and therefore cannot be avoided, and since any injury due to an erroneous admission by OSHRC of the allegedly unconstitutionally seized evidence can be "repaired" by judicial review of the OSHRC decision, and is therefore not "irreparable."[12] Appellees' argument seems to misconstrue the nature of a fourth amendment injury. The wrong is accomplished by the unconstitutional search itself; use of illegally seized evidence in future proceedings, subject to reversal on appeal, does not constitute a new injury. See United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 619-23, 38 L.Ed.2d 561 (1974); Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); Babcock & Wilcox, supra, 610 F.2d at 1134. Hence, appellees will not be irreparably harmed if they are forced to defend against unconstitutionally seized evidence, as long as judicial review of the alleged constitutional violation is available to ensure that the evidence will eventually be excluded if it is found to have been unconstitutionally obtained. Since such a review process is provided in the cases at bar, no irreparable injury can be found.[13]
 
 
 18
 As noted above, the Seventh Circuit has considered the exhaustion of remedies issue before us today, and has reached a result contrary to that reached here based on its conclusion that the rationale behind the exhaustion of remedies doctrine does not apply to this situation.[14] Weyerhaeuser, supra; see Morris v. United States Department of Labor, 439 F.Supp. 1014 (S.D.Ill.1977). However, shortly after the Seventh Circuit's decision in Weyerhaeuser, the Third Circuit issued its opinion in Babcock & Wilcox Co. v. Marshall, supra, 610 F.2d 1128, creating a split in the circuits and providing the route which we have followed in analyzing the exhaustion of remedies issue in the cases at bar. The fact pattern in Babcock & Wilcox was quite similar to that in the cases before us today, and the Third Circuit held that exhaustion of administrative remedies was required before a federal court could consider constitutional claims regarding administrative inspection warrants. Having considered the analyses of both the Seventh and Third Circuits, we have concluded that the latter provides the better approach for the reasons detailed above.
 
 
 19
 In the cases at bar, we find no reason to excuse Baldwin Metals or Mosher Steel from the exhaustion of remedies requirement. An OSHRC decision favorable to Baldwin or Mosher would moot constitutional issues and make judicial intervention unnecessary. In addition, requiring exhaustion of remedies serves to protect the autonomy of OSHRC proceedings. Moreover, since judicial review of the allegedly unconstitutional warrants is provided in the appellate review of OSHRC decisions by a federal circuit court of appeals, no irreparable injury is suffered. Based upon the above analysis and upon the Third Circuit's thoughtful opinion in Babcock & Wilcox, supra, we hold that judicial review of the administrative warrants in these cases should be postponed until Baldwin and Mosher have exhausted their administrative remedies.
 
 
 20
 IV. The Second Stop Along the Road: Adjusting the Alignment and Balance
 
 
 21
 The principles controlling the exercise of equitable jurisdiction provide another basis upon which the district courts should have declined to hear the cases at bar. It is clear that a court must choose to exercise its equitable jurisdiction before it can consider the constitutionality of evidence in a proceeding other than that in which the evidence is to be used. Hunsucker v. Phinney, 497 F.2d 29, 32-33 (5th Cir. 1974), cert. denied, 420 U.S. 927, 95 S.Ct. 1124, 43 L.Ed.2d 397 (1975). Before a court should exercise this equitable jurisdiction, it should carefully weigh the danger of an irreparable injury, the existence of a callous disregard of constitutional rights and the possibility of an inadequate remedy at law. Id. at 34 & n.7. As noted above, none of these criteria are satisfied in the case at bar.[15] We have been presented with no evidence of a callous disregard by OSHA officials for the constitutional rights of the companies. Moreover, there is no possibility of irreparable injuries resulting in the cases at bar, since the searches have already taken place, and since judicial review of the search warrants' constitutionality at the appellate level provides an adequate remedy at law.[16] Because the Hunsucker criteria are absent in this case, the district court should have refused to exercise its equitable jurisdiction.[17]
 
 
 22
 Two recent decisions by the First[18] and Eighth[19] Circuits lend support to this analysis. Although the procedural context in both cases differs slightly from that in the cases before us today, the differences are unimportant,[20] and the analyses of these cases leads us to conclude that the district court's equitable jurisdiction should not have been exercised in the cases at bar.
 
 
 23
 In Quality Products, the First Circuit was faced with reviewing a motion in district court to quash an OSHA search warrant and to suppress its fruits after OSHRC proceedings were begun, but before a final administrative decision had been rendered. The court noted that the suppression of evidence would involve the exercise of equitable jurisdiction by the district court, and citing this court's decision in Hunsucker, supra, found that the balance of equities weighed against exercising jurisdiction. Quality Products, supra, 592 F.2d at 614-16. First of all, the court noted that the exercise of equitable jurisdiction would result in piecemeal adjudications and would encourage delay and waste since the district court action to quash the warrant and suppress the evidence was separate from the OSHRC proceeding. Id. at 614 & n.4. Moreover, the court found that Quality Products had an adequate legal remedy since the challenge to the warrant would be considered in the OSHA enforcement proceedings "if not by the Commission then by the Court of Appeals." Id. at 615 (citations omitted). In addition, the court found that policy considerations weighed against the exercise of equitable jurisdiction, since "(t)he practice of considering motions to suppress in proceedings separate from the proceedings at which the evidence would be used would afford much opportunity for abuse for dilatory purposes, to the detriment and possible disruption of effective law enforcement." Id. at 616. The court concluded that since there was another adequate remedy, since there had been no callous disregard for constitutional rights, and since no equitable remedy was needed to avoid irreparable injury, Hunsucker precluded the exercise of equitable jurisdiction.
 
 
 24
 The Eighth Circuit took a similar approach and reached a similar conclusion in Central Mine, supra. The court, citing Hunsucker, supra, and Quality Products, supra, noted that it agreed "with the First and Fifth Circuits that equitable jurisdiction should not be exercised unless the plaintiff 'clearly demonstrates that his constitutional rights cannot be adequately adjudicated in the pending or anticipated enforcement proceedings against him.' " Central Mine, supra, 608 F.2d at 721. Because the plaintiff had made no such showing, the court held that the exercise of equitable jurisdiction was improper. Moreover, the fact that the administrative proceeding before OSHRC had not yet been initiated did not require a different result, since the warrant had already been executed and the allegedly unconstitutional search had already been made.If the Secretary commences a statutory enforcement proceeding against Central Mine, Central Mine may then raise its challenge to the validity of the search under which the evidence was obtained. Even if the Commission will not consider this challenge, the Occupational Safety and Health Act provides for appeal to a Court of Appeals which could consider the constitutional issue. We cannot say that these proceedings will not afford Central Mine an adequate remedy for any constitutional violation which may have occurred. On the other hand, if the Secretary elects or has elected not to bring an enforcement proceeding against Central Mine, we cannot hold that the plaintiff is suffering or will suffer from any irreparable harm that warrants the exercise of equitable jurisdiction.
 
 
 25
 Id. at 721-22. In other words, if administrative proceedings are brought, the company has an adequate remedy provided by the OSHRC review process, culminating in appeal to a federal circuit court; if proceedings are not brought, then declaring the search unconstitutional or suppressing its fruits is unnecessary and provides the company with no relief. Whether or not administrative proceedings have been initiated, district courts should refrain from exercising jurisdiction in cases like this one.[21]
 
 
 26
 Because Baldwin and Mosher have shown no irreparable injury, no callous disregard of constitutional rights and no possibility of an inadequate remedy at law, we hold that the district courts improperly exercised equitable jurisdiction in these cases. Although the procedural contexts of the Central Mine and Quality Products cases differ slightly from those in the cases at bar, the same equitable considerations that apply to motions to quash a warrant and to suppress the fruits of the subsequent search, should apply to actions for declaratory and injunctive relief seeking essentially the same result. The Central Mine/Quality Products analysis is therefore appropriate here, and the district courts should not have exercised their equitable jurisdiction in these cases.
 
 V. The Final Destination[22]
 
 27
 Our less-than-scenic drive today has led us to conclude that the path proposed by the Seventh Circuit leads to a cul de sac, while the routes mapped out by the First, Third and Eighth Circuits provide a productive (if not pleasant) journey. We therefore have decided that the district courts in both cases at bar should have slammed on their brakes and refrained from exercising jurisdiction. Because they did not do so, we have had to take our turn in the driver's seat. Having driven far enough, we now give the wheel back to the district courts with adequate directions to complete the trip:
 
 
 28
 Both the doctrine of exhaustion of administrative remedies and the principles of equity jurisdiction preclude the exercise of jurisdiction in these cases. We therefore vacate the preliminary injunction granted in No. 79-2548 and the injunctive and declaratory relief granted in No. 79-2870. We remand both cases to the district courts with instructions to dismiss the actions brought by Baldwin Metals and Mosher Steel.
 
 
 29
 VACATED AND REMANDED.
 
 
 
 [1]
 Occupational Safety and Health Administration
 
 
 [2]
 Compare Babcock & Wilcox Co. v. Marshall, 610 F.2d 1128 (3d Cir. 1979) and Marshall v. Central Mine Equipment Co., 608 F.2d 719 (8th Cir. 1979) and In re Worksite Inspection of Quality Products, Inc., 592 F.2d 611 (1st Cir. 1979) with Weyerhaeuser Co. v. Marshall, 592 F.2d 373 (7th Cir. 1979)
 
 
 [3]
 29 U.S.C.A. § 657(a) (West 1975)
 
 
 [4]
 See Weyerhaeuser, supra, 592 F.2d at 377; Bruno v. Hamilton, 521 F.2d 114, 116 (8th Cir. 1975)
 
 
 [5]
 Baldwin claims that its representatives "strongly protested this invasion of Baldwin's constitutional rights and allowed the compliance officers to enter only because of the threatened contempt action against Baldwin." Brief for Appellee at 3
 
 
 [6]
 Mosher claims that the OSHA officials threatened to use physical force to gain entry, and actually pushed one employee aside from the plant entrance. Brief for Appellee at 5-6
 
 
 [7]
 The possibility of mooting constitutional issues by an agency decision favorable to the allegedly aggrieved party may alone be enough to require exhaustion of remedies. See Public Utilities Commission of California v. United States, 355 U.S. 534, 78 S.Ct. 446, 2 L.Ed.2d 470 (1958); Aircraft & Diesel Equipment Corp. v. Hirsch, 331 U.S. 752, 67 S.Ct. 1493, 91 L.Ed. 1796 (1947); Moore v. City of E. Cleveland, 431 U.S. 494, 97 S.Ct. 1932, 1948-49, 52 L.Ed.2d 531 (1977) (Burger, C. J., dissenting)
 
 
 [8]
 It is possible though indeed unlikely that even if the OSHA citations against Mosher and Baldwin were dismissed, the evidence from the allegedly illegal search would be used in a subsequent OSHA proceeding against one of the companies. This possibility does not change the result in this case, since if such a future proceeding was brought, a decision by the agency favorable to Mosher or Baldwin would again serve to moot the constitutional issue. Hence, exhaustion of administrative remedies would again be required
 
 
 [9]
 "Were an employer given the power to invoke the district court's jurisdiction on the eve of a scheduled hearing before the Review Commission whenever an inspection warrant is challenged on constitutional grounds, we might well sunder the statutory balance between swift abatement of dangerous conditions and due process protections." Babcock & Wilcox, supra, 610 F.2d at 1140
 
 
 [10]
 This bypasses the normal step of district court supervision of its magistrates' decisions to issue warrants, but this bypass is indeed a small price to pay in order to protect administrative autonomy and to create the possibility of making judicial intervention unnecessary if the OSHRC decides in favor of the defendants
 
 
 [11]
 OSHRC believes that it is competent to address constitutional issues and to review the magistrate's decision to issue a warrant. See Chromalloy American Corp., supra; see, e. g., Secretary of Labor v. Moulded Acoustical Products, OSHRC No. 79-1274 (June 12, 1979). Our brethern of the Third Circuit choose to characterize this function in a different way, and suggest that the Review Commission must inevitably decide whether to consider seized evidence, and that this involves a judgment as to the warrant's propriety
 (T)he decision to issue the inspection warrant is complete and cannot be negated. If the challenge (to the warrant's validity) is raised by (the administrative defendant), the problem for the Review Commission will be whether to use the evidence obtained from the inspection. In deciding whether to use this evidence the Review Commission must of course, makes (sic) its own judgment as to the propriety of the warrant, but such a determination does not reverse the magistrate's action, nor does it contravene a judicial order. The OSHA official would not be in contempt if he were to decide not to execute a warrant signed by the magistrate, and an administrative tribunal does not flout the authority of the judiciary by refusing to consider evidence that has been obtained pursuant to a warrant issued by a judge or magistrate.
 Babcock & Wilcox, supra, 610 F.2d at 1136 (footnotes omitted). But see Rader, Lewis & Ehlke, OSHA Warrants and the Exhaustion Doctrine: May the Occupational Safety & Health Review Commission Rule on the Validity of Federal Court Warrants?, 84 Dick.L.Rev. 567 (1980); Note, Procedures for Attacking OSHA Inspection Warrants, 66 Va.L.Rev. 983 (1980). Since we hold that the appellate process adequately ensures judicial review of a warrant's constitutionality, and since we are not faced with a case in which the Review Commission has purported to make a constitutional decision, we do not reach this issue.
 
 
 [12]
 The relief sought in the case at bar seeks to ensure exclusion of the seized evidence at pending or future proceedings. Requiring exhaustion of remedies does not jeopardize the exclusion of inadmissible evidence, since judicial review of admissibility will take place through the appeals process. Hence, any injury resulting from an erroneous admission of unconstitutional evidence by the Review Commission can be corrected by a federal court of appeals and is therefore not irreparable
 
 
 [13]
 This analysis applies only when the allegedly unconstitutional search has already taken place, since the irreparable harm from the search cannot be undone by enjoining the use of its fruits. However, if a federal court is asked to consider the validity of a warrant prior to its execution in a contempt proceeding, for example exhaustion of remedies will not be appropriate, since the irreparable harm of the threatened unconstitutional search can be prevented prior to the warrant's execution. E. g., Marshall v. Huffhines Steel Co., 488 F.Supp. 995 (N.D.Tex.1979); see Babcock & Wilcox, supra, 610 F.2d at 1136
 
 
 [14]
 See supra, pages 771-772
 
 
 [15]
 See supra, pages 772-773
 
 
 [16]
 See 29 U.S.C.A. § 660(a) (West 1975)
 
 
 [17]
 The general principles controlling the grant of declaratory and injunctive relief provide insight into the rationale behind refraining from the exercise of equitable jurisdiction in cases like the ones at bar. An inadequate remedy at law and an irreparable injury should exist before a court grants injunctive relief. Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959); Confederation of Police v. City of Chicago, 481 F.Supp. 566, 569 (N.D.Ill.1980); International Association of Firefighters, Local 2069 v. City of Sylacauga, 436 F.Supp. 482 (N.D.Ala.1977). Since there is no danger of irreparable injury in the cases at bar due to the existence of an adequate remedy, see supra, injunctive relief should not have been granted. This requirement of an irreparable injury also applies to the grant of the preliminary injunction in Baldwin. See Canal Authority of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974); Blackshear Residents Organization v. Romney, 472 F.2d 1197 (5th Cir. 1973). In addition, while irreparable injury need not be shown in order to justify declaratory relief, Diaz v. Stathis, 576 F.2d 9 (1st Cir. 1978), the court must balance a plaintiff's need for the relief against the consequences of granting the remedy, and should only grant a declaratory judgment when it would be in the public interest to do so. See Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 68 S.Ct. 641, 644, 92 L.Ed. 784 (1948); Exxon Corp. v. FTC, 588 F.2d 895 (3d Cir. 1978). A declaratory judgment should only be granted when the issues are fit for judicial decision, and should not be used by the judiciary to interfere in agency proceedings before a final administrative decision has been rendered. See Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967); Exxon Corp., supra; A. O. Smith Corp. v. FTC, 530 F.2d 515 (3d Cir. 1976). Since Baldwin and Mosher have an adequate remedy available through OSHRC review and the appeals process, see supra, their need for a declaratory judgment is slight. On the other hand, granting declaratory relief interrupts the agency proceedings and forces judicial consideration of constitutional issues which might be mooted by an administrative decision favorable to Baldwin or Mosher. See supra, pages 771-772. Moreover, granting the relief requested might jeopardize the OSHA enforcement process by enabling the defendant companies to delay OSHRC proceedings. See supra, pages 772-773 & n.9. Hence, a declaratory judgment would not be in the public interest. Finally, the discussion of the exhaustion of administrative remedies doctrine, supra, pages 771-775, makes it clear that the issues in the case are not yet fit for judicial review. See also Imperial Carpet Mills v. Consumer Products Safety Commission, 634 F.2d 871 (5th Cir. 1981). Thus the declaratory and injunctive relief sought in the cases at bar should not have been granted
 
 
 [18]
 In re Worksite Inspection of Quality Products, supra, 592 F.2d 611
 
 
 [19]
 Marshall v. Central Mine Equipment Co., supra, 608 F.2d 719
 
 
 [20]
 The First Circuit found that there would be no difference if the challenge to the warrant arose through a motion in district court to quash the warrant and suppress the evidence, as it did in Quality Products, or through an action for declaratory and injunctive relief, as in the cases at bar. Quality Products, supra, 592 F.2d at 615 n.5. We agree with this conclusion since the two types of actions are essentially the same
 
 
 [21]
 In light of the above analysis, it is unimportant whether or not administrative proceedings have already been initiated when an action concerning an administrative search is brought in federal court. Hence, Mosher's claim that its complaint was filed in district court before it received any OSHA citations, Brief for Appellee at 6, and appellants' observation that the OSHA citations were issued on the same day as Mosher's complaint was filed, Brief for the Secretary of Labor at 8-9, are irrelevant in deciding the Mosher case at bar
 
 
 [22]
 Because we decide this case on jurisdictional grounds, we do not reach the other issues raised on appeal