**In the Matter of: Establishment Inspection of GOULD PUBLISHING COMPANY.**

**GOULD PUBLISHING COMPANY, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 1429, Docket 90–6286.**

United States Court of Appeals, Second Circuit.

Argued May 1, 1991.

Decided June 3, 1991.

Mark J. Morgenstern, Island Park, N.Y. (Norman S. Gould, Binghamton, N.Y., of counsel), for plaintiff-appellant.

Ann S. Rosenthal, U.S. Dept. of Labor, Washington, D.C. (Robert P. Davis, Sol. of Labor, Cynthia L. Attwood, Associate Sol. for Occupational Safety and Health, Barbara A.W. McConnell, Washington, D.C., Patricia M. Rodenhausen, U.S. Dept. of Labor, New York City, of counsel), for defendant-appellee.

Before OAKES, Chief Judge, WINTER, Circuit Judge, and CONBOY, District Judge.*

OAKES, Chief Judge:

This case asks us to choose sides in a growing controversy as to whether a federal district court may review the validity of an administrative warrant, and enjoin the use of evidence seized in an inspection pursuant to that warrant, before a final decision has been rendered in the administrative forum. In answering that question in the negative, we join the majority of courts that have considered the issue.

Gould Publishing Corporation ("Gould") is engaged in book publishing and related activities at a worksite in Binghamton, New York. On or about February 7, 1989, Alice Hilbert, then a Gould employee, filed a complaint with the Occupational Safety and Health Administration ("OSHA") alleging various safety and health hazards at the Gould facility.[1] In response to this complaint, an OSHA compliance officer visited the facility on February 24, 1989, but was denied permission to conduct an inspection of the premises. OSHA then sought and obtained an administrative warrant, which was executed on May 1, 1989, and which resulted in the issuance of two citations on June 9, 1989.

By letter dated June 28, 1989, Gould gave notice that it contested the citations, thus initiating administrative review proceedings before the Occupational Safety and Health Review Commission (the "Commission"). On May 18, 1990, Gould moved the Commission for dismissal of the citations on the ground, *inter alia*, that there was no probable cause to support the warrant. This motion was denied the following week by an administrative law judge ("ALJ") of the Commission, who also ruled that Gould had failed to make a substantial enough showing to obtain an evidentiary hearing on probable cause under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). However, in a subsequent order dated July 10, 1990, the ALJ agreed to reconsider the issue of probable cause for the warrant if timely raised by Gould in a motion *in limine*.

On August 7, 1990, Gould commenced the instant action in the United States District Court for the Northern District of New York (Neal P. McCurn, *Chief Judge*), seeking to quash the warrant, suppress the evidence obtained as a result of the inspection, and enjoin any further administrative proceedings based upon this evidence. Gould's complaint raised the same question on which the Commission's ALJ had recently invited reargument—*i.e.*, whether the

---

\* The Honorable Kenneth Conboy, of the United States District Court for the Southern District of New York, sitting by designation.

1. The alleged citations posed, as the Secretary of Labor's brief suggests, "serious OSHA violations." Brief for Appellee at 6. These included an impeded fire exit door on the third floor, an occasionally locked first floor exit, and a lack of exit signs and access-to-exit signs. Students of history will recall the Triangle Shirt Waist Company fire of March 25, 1911, when blocked exits helped result in the deaths of 145 women. *See* P.S. Foner, *Women and the American Labor Movement* 358–61 (1979).

warrant application established probable cause for an inspection. The district court issued a bench ruling on August 30, 1990, denying Gould's application on the ground that Gould had failed to exhaust its administrative remedies prior to seeking judicial review.

Shortly after the district court issued the order now on appeal, the Commission's ALJ held an evidentiary hearing regarding the warrant pursuant to *Franks v. Delaware*. On February 27, 1991, the ALJ reaffirmed his finding that there was a valid basis for the warrant. Gould has petitioned the full Commission for review.

## DISCUSSION

■ As the district court recognized, the question whether a court may review the validity of an executed OSHA inspection warrant before the employer has exhausted its administrative remedies is one of first impression in this Circuit. This question has been addressed by other Circuits, however, an overwhelming majority of which have held that district courts should decline to exercise jurisdiction in this situation.[2] *See, e.g., Robert K. Bell Enters. v. Donovan*, 710 F.2d 673, 675 (10th Cir.1983), *cert. denied*, 464 U.S. 1041, 104 S.Ct. 705, 79 L.Ed.2d 170 (1984); *In re Establishment Inspection of Metal Bank of America, Inc.*, 700 F.2d 910, 914 (3d Cir.1983); *Baldwin Metals Co. v. Donovan*, 642 F.2d 768, 777 (5th Cir. Unit A), *cert. denied*, 454 U.S. 893, 102 S.Ct. 389, 70 L.Ed.2d 207 (1981); *In re J.R. Simplot Co.*, 640 F.2d 1134, 1137 (9th Cir.1981), *cert. denied*, 455 U.S. 939, 102 S.Ct. 1430, 71 L.Ed.2d 649 (1982); *Marshall v. Central Mine Equipment Co.*, 608 F.2d 719, 721–22 (8th Cir.1979); *In re Worksite Inspection of Quality Products, Inc.*, 592 F.2d 611, 615 (1st Cir.1979); *cf. In re Inspection of Norfolk Dredging Co.*, 783 F.2d 1526, 1529 (11th Cir.) (dicta) (assuming that exhaustion would have been required had the OSHA warrant already been executed), *cert. denied*, 479 U.S. 883, 107 S.Ct. 271, 93 L.Ed.2d 248 (1986).[3] Only the Seventh Circuit has taken the contrary position, holding that an employer may, under certain circumstances, interrupt an administrative enforcement action to mount a judicial challenge to an executed OSHA inspection warrant. *See Weyerhaeuser Co. v. Marshall*, 592 F.2d 373, 375–77 (7th Cir.1979); *see also Federal Casting v. Donovan*, 684 F.2d 504, 507–08 (7th Cir. 1982) (reaffirming *Weyerhaeuser*). For the reasons set forth below, we believe that the majority position states the better rule, and therefore hold that, absent extraordinary circumstances, exhaustion is a prerequisite to judicial review of an executed OSHA warrant.[4]

■ As a general rule, a litigant complaining of an administrative action is re-

**2.** Judicial Review would, of course, remain available after the Commission entered a final order. See 29 U.S.C. § 660(a) (1988).

**3.** Although most courts have relied on the doctrine of exhaustion of administrative remedies, the First and Eighth Circuits based their decisions on general principles of equitable jurisdiction. *See Central Mine*, 608 F.2d at 721–22; *Quality Products*, 592 F.2d at 615; *see also Baldwin Metals*, 642 F.2d at 777 (offering principles of equity jurisdiction as independent basis for precluding pre-exhaustion review of executed OSHA warrant). While we agree with the results in these cases, we believe that the exhaustion doctrine provides the better framework for analysis, especially because, in our view, the doctrine effectively incorporates the traditional equitable considerations with which the First and Eighth Circuits were concerned. *Compare Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128, 1138 (3d Cir.1979) (exhaustion will not be required "when resort to administrative remedies would be futile," or " 'the prescribed administrative procedure is clearly shown to be inadequate to prevent irreparable injury' ") *with Central Mine*, 608 F.2d at 721 (holding that district court should have refrained from exercising equitable jurisdiction where employer had an adequate remedy at law, and an equitable remedy was not needed to avoid irreparable injury); *Quality Products*, 592 F.2d at 615–16 (same); *Baldwin Metals*, 642 F.2d at 775 (same).

**4.** We express no opinion as to whether exhaustion would be required when the warrant has not yet been executed. We note, however, that a number of Circuits have held that an employer may obtain pre-exhaustion review in this situation, because a court could prevent the irreparable injury of the threatened unconstitutional search, whereas the Commission would be powerless to act until after the search had already occurred. *See, e.g., Norfolk Dredging*, 783 F.2d at 1529; *Metal Bank*, 700 F.2d at 914 n. 5; *Baldwin Metals*, 642 F.2d at 774 n. 13 (dicta).

quired to exhaust "all of his administrative remedies before he will be permitted to seek judicial relief." *Touche Ross & Co. v. SEC,* 609 F.2d 570, 574 (2d Cir.1979). The principal reasons for requiring exhaustion include protecting administrative autonomy by allowing agencies an opportunity to assert their policy preferences, apply their expertise, develop the factual record and correct their own errors, and conserving judicial resources by barring piecemeal review of cases that may in any event be mooted if the agency grants the relief sought. *See McKart v. United States,* 395 U.S. 185, 193–95, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969); *Touche Ross,* 609 F.2d at 576; K.C. Davis, 4 *Administrative Law Treatise* § 26:1, at 415 (1983).

As the majority position recognizes, the reasons behind the exhaustion doctrine are well served by barring employers such as Gould from obtaining judicial review of fully executed OSHA warrants before completion of the administrative enforcement proceedings. Most importantly, requiring exhaustion in such cases will preserve and promote the autonomy of the Commission. Here, Gould seeks to interrupt an ongoing administrative proceeding, in which it has already twice litigated the precise issue it seeks to have determined judicially, because it is dissatisfied with the preliminary administrative decisions and is unwilling to wait until those decisions are reviewed. Such maneuvering seriously threatens to subvert the Occupational Safety and Health Act's enforcement structure, which is designed to assure swift resolution of every stage of the administrative process in order to obtain prompt issuance of binding abatement orders protecting employees. *See In re Restland Memorial Park,* 540 F.2d 626, 628 n. 14 (3d Cir.1976); *Brennan v. Winters Battery Mfg. Co.,* 531 F.2d 317, 322–23 (6th Cir.1975), *cert. denied,* 425 U.S. 991, 96 S.Ct. 2202, 48 L.Ed.2d 815 (1976). Requiring employers like Gould to exhaust the Commission proceedings would

allow swift issuance of any necessary hazard abatement orders, as well as discourage employers faced with enforcement proceedings from engaging in dilatory tactics. *See Baldwin Metals,* 642 F.2d at 773; *Quality Products,* 592 F.2d at 616; *Babcock & Wilcox Co. v. Marshall,* 610 F.2d 1128, 1140–41 (3d Cir.1979). In addition, because the Commission is an independent administrative tribunal, requiring exhaustion "exemplifies deference within the constitutional framework to Congress's decision as to the proper forum for the initial resolution of disputes under its statute." *Babcock & Wilcox,* 610 F.2d at 1137.

Requiring exhaustion in this case also ensures the most efficient use of judicial resources. A Commission decision in Gould's favor would moot the issue of the warrant's constitutionality, thus obviating the need for judicial involvement in the first instance. *See Baldwin Metals,* 642 F.2d at 772; *Babcock & Wilcox,* 610 F.2d at 1138. Moreover, if Gould loses in the administrative forum and appeals to this Court, we will have the benefit of a fully developed factual record.[5] *See Babcock & Wilcox,* 610 F.2d at 1137–38.

In urging that exhaustion should not be required in this case, Gould relies heavily on the Seventh Circuit's decision in *Weyerhaeuser,* which held that "considerations of sound judicial administration support an exception to the general requirement of exhaustion in the case of an attack on the validity of [an OSHA] warrant." 592 F.2d at 377. As the district court observed, however, *Weyerhaeuser* rests in large part on an erroneous notion that the constitutional issue of the warrant's validity could not be mooted by an agency decision in the employer's favor. The *Weyerhaeuser* court reasoned that an employer subjected to an unconstitutional OSHA search suffers two separate injuries—one when it is subjected to the illegal inspection, and a second when the fruits of that inspection are used against it. *See id.* at 376 & n. 2.

5. Gould maintains that the initial factual record assembled in the proceedings before the Commission ALJ is sufficient to determine the issues raised. However, Gould also urges us to grant it an evidentiary hearing, so that it might further test and explore the veracity of the OSHA

inspector's affidavits. In light of this request, and given Gould's claim that *material omissions* in the warrant application invalidated the warrant, we believe that complete development of the factual record would be useful, if not essential, for meaningful judicial review.

The court then apparently concluded that a judicial decree preventing the use of allegedly tainted evidence in the administrative action provided more of a remedy for the first injury than could be provided by an administrative ruling dismissing the citations. *See id.* at 376. As the Fifth Circuit has observed, however, even a judicial decree could not, and is not intended to, remedy the first injury. *See Baldwin Metals,* 642 F.2d at 772; *see also United States v. Calandra,* 414 U.S. 338, 347, 94 S.Ct. 613, 619, 38 L.Ed.2d 561 (1974) ("The purpose of the exclusionary rule is not to redress the injury to the privacy of the search victim."). Therefore, because a Commission decision dismissing the citations would redress the only injury for which judicial relief could be granted, it is indeed possible that the controversy before us will be mooted, a fact that weighs heavily in favor of requiring exhaustion. *See Baldwin Metals,* 642 F.2d at 772 & n. 7.[6]

■ Having determined that there are valid reasons for requiring exhaustion in this case, we must consider Gould's argument that an exception to the rule applies—specifically, that the prescribed administrative procedure would be inadequate to prevent irreparable injury. *See Renegotiation Bd. v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); *J.G. v. Board of Educ.,* 830 F.2d 444, 447 (2d Cir.1987). The claim apparently is that denying Gould immediate district court review would, in effect, permanently deprive Gould of its alleged right to a full and adequate hearing under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), which entitles an employer that has made a substantial challenge to the veracity of a warrant application to an evidentiary hearing.[7] *See id.* at 171–72, 98 S.Ct. at 2684–85. How-

ever, the Commission may ultimately overturn the ALJ's finding of probable cause for the warrant based on the factual record as it now stands, or it may conceivably find that the ALJ erred in the course of conducting the *Franks* hearing, and therefore remand for further factfinding. Moreover, as discussed above, the Commission may rule in Gould's favor on the citations, and so moot the issue of the warrant's validity. In any event, because Gould is entitled to challenge both the warrant's constitutionality and the adequacy of the ALJ's *Franks* hearing on appeal to this court from an adverse Commission ruling, *see* 29 U.S.C. § 660(a) (1988), we fail to see how Gould will suffer irreparable injury by being required to exhaust its administrative remedies. *Accord Baldwin Metals,* 642 F.2d at 773–74; *Quality Products,* 592 F.2d at 616.

Accordingly, we hold that the district court correctly refused to exercise its jurisdiction in this case.

---

**6.** The result in *Weyerhaeuser* was also based in part on the fact that the probable cause issue in that case could be resolved from the face of the warrant application, *see* 592 F.2d at 376, a situation not present in the case at bar. *See supra* note 5. But even assuming that this case could be resolved without a full factual record, we agree with the Third Circuit that this factor "would hardly be determinative because of the many important considerations … that favor [requiring exhaustion]." *Babcock & Wilcox,* 610 F.2d at 1139.

**7.** Gould argues that the evidentiary hearing already held before the ALJ was inadequate because Gould was not allowed to cross-examine the compliance officer. Gould further suggests that this inadequacy is irreparable because, if the Commission affirms the ALJ's findings and Gould appeals to this Court, this Court would not, absent extraordinary circumstances, remand for further factual findings by the ALJ.