**STURM, RUGER & CO., INC.,**
**Petitioner, Appellant,**

**v.**

**OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION,**
**Respondent, Appellee.**

**No. 99–1160.**

United States Court of Appeals,
First Circuit.

Submitted May 19, 1999.

Decided Aug. 12, 1999.

Richard D. Wayne, Debra Dyleski–Najjar and Hinckley, Allen & Snyder on memorandum for appellant.

Paul M. Gagnon, United States Attorney, Patrick M. Walsh, Assistant U.S. Attorney, Henry L. Solano, Solicitor of Labor, Joseph M. Woodward, Associate Solicitor, Bruce Justh and John Shortall, U.S. Department of Labor, on memorandum for appellee.

Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of a motion to quash an inspection warrant obtained by the Occupational Safety and Health Administration (OSHA). On March 4, 1999, this court denied the request of petitioner Sturm, Ruger & Co. to stay execution of the warrant pending appeal. The inspection has since been completed, and OSHA has announced that citations may be forthcoming. Pointing to these developments, respondent now moves for dismissal of the appeal for lack of administrative exhaustion. Petitioner's various challenges to the warrant, it argues, must be raised in any enforcement proceeding that ensues—a process that would involve initial review by an administrative law judge, discretionary review by the Occupational Safety and Health Review Commission, and eventual review by this court. *See* 29 U.S.C. §§ 659–61. We agree.

Once an administrative inspection has been completed, courts have generally insisted that administrative remedies be ex-

hausted. *See, e.g., In re Gould Publishing Co.*, 934 F.2d 457, 459–61 (2d Cir.1991); *Baldwin Metals Co. v. Donovan*, 642 F.2d 768, 771–75 (5th Cir.1981); *see also Northeast Erectors Ass'n v. Secretary of Labor*, 62 F.3d 37, 39 (1st Cir.1995) ("The administrative review scheme is ... ordinarily regarded as the exclusive procedure through which an employer can obtain review of OSHA enforcement proceedings."); *In re Worksite Inspection of Quality Products, Inc.*, 592 F.2d 611, 613–17 (1st Cir.1979) (declining to exercise "equitable jurisdiction" over post-search, pre-exhaustion motion to suppress). This is true even where the inspection occurred while the appeal was pending, *see, e.g., In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 811–15 (7th Cir.1991); *In re Establish Inspection of Metal Bank of America, Inc.*, 700 F.2d 910, 914–16 (3d Cir.1983), and where administrative proceedings have yet to be initiated, *see, e.g., Kohler*, 935 F.2d at 812; *Baldwin Metals*, 642 F.2d at 776–77.

Petitioner does not take issue with this line of authorities, but, rather, seeks to sidestep it. It concedes that five of its six claims are subject to the exhaustion requirement. But it insists that its remaining claim—a statutory challenge to the legality of an underlying "data collection initiative" (DCI)—can and should be addressed at this juncture. This DCI claim, petitioner maintains, involves a "purely legal" issue consisting of a "facial" challenge to an agency policy. In its view, such a claim can now be resolved "by way of Declaratory Judgment in accordance with the Administrative Procedure Act" without offending the principles underlying the exhaustion doctrine.

This argument is problematic in several respects. For one thing, it is questionable whether petitioner has laid the procedural groundwork for an award of declaratory or injunctive relief. To be sure, petitioner did request at several points below that the "interim targeting plan" (on which the 1997 DCI was based) be declared invalid and enforcement thereof enjoined. Yet its only operative pleading was a motion (as supplemented) to quash the warrant; no separate complaint seeking declaratory or injunctive relief was ever filed. *Compare, e.g., In re Establishment Inspection of Manganas Painting Co.*, 104 F.3d 801, 802 (6th Cir.1997) (involving motion to quash followed by complaint for injunctive relief); *Babcock & Wilcox Co. v. Marshall*, 610 F.2d 1128, 1132 (3d Cir.1979) (similar); *American Trucking Ass'ns, Inc. v. Reich*, 955 F.Supp. 4 (D.D.C.1997) (involving complaint for declaratory and injunctive relief seeking to preclude OSHA from compelling compliance with earlier DCI). In turn, no reference of any kind was made below to the Administrative Procedure Act.

In any event, we noted in *Quality Products* that declaratory relief "is a remedy committed to judicial discretion" and that "the exercise of that discretion is properly informed by considerations of equitable restraint." 592 F.2d at 615 n. 5 (internal quotation marks omitted); *accord, e.g., Baldwin Metals*, 642 F.2d at 775 n. 17 (explaining that declaratory relief should be granted only when in the "public interest"). And even apart from the procedural hurdle mentioned above, we think that petitioner's effort to invoke that remedy here, prior to exhaustion of administrative remedies, is unavailing for several reasons.

First, petitioner has not suggested that its claims "cannot be adequately adjudicated in the ... anticipated enforcement proceeding." *Quality Products*, 592 F.2d at 615. Second, in contrast to many of the cases on which it relies, *see, e.g., Bowen v. City of New York*, 476 U.S. 467, 483–85, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986), it has not shown that requiring exhaustion would subject it to irreparable harm. Third, while some of the ordinary justifications for administrative exhaustion may not be pertinent here (such as the need for factual development and the relevance of agency expertise), others remain fully applicable (such as the protection of agency

autonomy and the possibility that judicial involvement might become unnecessary). In *Baldwin Metals,* which involved a challenge to the "facial validity" of an OSHA warrant, the court found the former two factors inapplicable but relied on the latter two to conclude that exhaustion was required. *See* 642 F.2d at 772. Finally, at least as far as petitioner is concerned, a successful appeal following exhaustion of administrative remedies would not, as it claims, constitute a "Pyrrhic victory." Whatever the ramifications may be for employers not before the court (on whose behalf petitioner seeks to "pick up the gauntlet"), a different result is not thereby mandated.

*The motion to dismiss for lack of administrative exhaustion is allowed, and the appeal is dismissed.*