**OTIS ELEVATOR COMPANY,**
Plaintiff

v.

**LOCAL 91, INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS,**
et al. Defendants

No. Civ.A.3–04CV536(JCH).

United States District Court,
D. Connecticut.

Jan. 6, 2005.

Andrew Houlding, Austin J. McGuigan, Rome McGuigan Sabanosh, Hartford, CT, Timothy E. Copeland, Jr., Downs, Rachlin & Martin, Brattleboro, VT, for Plaintiff.

J. William Gagne, Jr., J. William Gagne & Assoc., West Hartford, CT, for Defendants.

**RULING ON DEFENDANTS' MOTION TO DISMISS [DKT. NO. 26]**

HALL, District Judge.

Plaintiff, Otis Elevator Company ("Otis"), initiated this lawsuit to halt a work stoppage initiated by Local 91, Inter-

national Union of Elevator Constructors ("Local 91") and its members on March 30 and 31, 2004. Am. Compl. [Dkt. No. 21]. On April 13, 2004, this court held a hearing on plaintiff's motion for a preliminary injunction. That motion was denied on April 16, 2004. Trans., April 16, 2004 [Dkt. No. 30]. On April 12, 2004, the defendants, Local 91, Steve Bruno, and Dan Kelly, moved to dismiss the action for lack of subject matter jurisdiction. The defendants claim that prior to filing this lawsuit, the plaintiff failed to exhaust the administrative remedies provided for in the collective bargaining agreement ("CBA") that controls the parties' relationship. Additionally, the defendants claim that there is no present case or controversy as all Local 91 members have returned to work and the matter is moot.

## I. FACTS

The facts are viewed in the light most favorable to the non-moving party. Otis and Local 91 have entered into a series of collective-bargaining agreements, the most recent of which went into effect on July 9, 2002 and remains in effect until July 8, 2007 (the "CBA"). That agreement restricts strikes and lockouts but the parties disagree as to the extent of that restriction. Otis alleges that the CBA prohibits any strike by Local 91. Local 91 alleges that where Otis violates the CBA, Local 91 is not bound by its promise not to engage in strikes or work stoppages.

On March 26, 2004, defendant Steve Bruno, Business Manager of Local 91, informed Otis that Local 91 members would not install equipment at a Connecticut Public Television facility in Hartford because, contrary to the CBA, the work of removing old equipment from that site had been performed by workers who were not Local 91 members. Otis' contract included only the installation of new equipment, not the removal of old equipment. Otis had no knowledge that old equipment had been removed and if such equipment had been removed, it had not had control over who would be responsible for removing old equipment. Otis alleges that, rather than submit the dispute to the arbitration procedure provided for in the CBA, Local 91 chose to demand that Otis pay Local 91 members for removal of the equipment despite the fact that Local 91 members had not done that work and, when Otis refused, Local 91 members refused to work on the Connecticut Public Television project. In addition, on March 31, all Local 91 members employed by Otis engaged in a "sick-out" and refused to work. According to Otis, the work stoppage in late March and early April of this year was one of a series of short-term work stoppages occurring over the period between September 2001 and the present.

## II. DISCUSSION

### A. Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a defendant may, in response to a complaint, move for dismissal for lack of subject matter jurisdiction in the form of a motion. Fed. R. Civ. Proc. R. 12(b)(1). In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must accept all factual allegations in the complaint as true and draw all inferences from those allegations in plaintiff's favor. *Jaghory v. New York State Dept. of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). The court may not dismiss a complaint unless "it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitled him to relief." *Id.* Where the existence of subject matter jurisdiction turns on a factual issue raised by the defendant, however, the court is permitted

to look beyond the complaint itself and may consider evidence outside the pleadings. *United States v. Vazquez,* 145 F.3d 74, 80 (2d Cir.1998); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 108 (2d Cir.1997). The burden of proving jurisdiction is on the party asserting it. *Malik v. Meissner,* 82 F.3d 560, 562 (2d Cir.1996); *see also Shenandoah v. Halbritter,* 366 F.3d 89, 91 (2d Cir.2004). "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir.1998) (omitting citations).

## B. Disputed Material Facts Prevent a Finding that the Complaint is Moot

■ "Because Article III is a limit on judicial power, a court will not have subject matter jurisdiction over an action absent the requisite case or controversy." Moore's Federal Practice 3D, § 101.02 (citing *S. Jackson & Son, Inc. v. Coffee, Sugar, & Cocoa Exch., Inc.,* 24 F.3d 427, 431 (2d Cir.1994)). Where an action has become moot, no case or controversy exists to support a court's subject matter jurisdiction. Local 91 claims that because there it is not currently engaging in a work stoppage, there is no live case or controversy to be resolved by this court.

■ In this case, Otis alleges facts to support a finding that "the situation that prompted the invalidated [ ] activity ... is ongoing and will continue indefinitely. Thus, it is not absolutely clear that violations are unlikely to recur." *New York State Nat. Organization for Women v. Terry,* 159 F.3d 86, 92 (2d Cir.1998) (citing *Gwaltney of Smithfield, Ltd. v. Chesa-*

*peake Bay Foundation, Inc.,* 484 U.S. 49, 66, 108 S.Ct. 376, 98 L.Ed.2d 306 (1987)). "An initially ripe case or controversy does not cease to be justiciable merely because the defendants stop violating the plaintiffs' rights." *Id.* at 92.

The parties have a fundamental disagreement over whether the CBA allows Local 91 to engage in work stoppages where it believes that Otis has violated some portion of the CBA. This difference in opinion over whether work stoppages like that in late March and early April 2004 are allowable points to the fact that the instant case or controversy is live and the mootness doctrine does not apply. Moreover, Otis contends that Local 91 has engaged in a series of illegal work stoppages over the last three years. Under the facts as alleged by Otis, the instant action falls within the "capable of repetition yet evading review" exception to the mootness doctrine. *See Cedar Coal Company v. United Mine Workers of America,* 560 F.2d 1153, 1163–68 (4th Cir.1977) (applying the "capable of repetition" yet evading review doctrine to an employer's request for injunctive relief under *Boys Markets* ). "[T]he 'capable of repetition, yet evading review' exception to the mootness doctrine is limited to situations where '(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again.' " *Haley v. Pataki,* 60 F.3d 137, 141 (2d Cir.1995) (quoting *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975) (per curiam)). Indeed, "[t]he presence of an existing dispute makes this a live controversy despite the P & M employees' return to the job." *Buffalo Forge Co. v. United Steelworkers of America,*

*AFL–CIO*, 428 U.S. 397, 403, n. 8, 96 S.Ct. 3141, 49 L.Ed.2d 1022 (1976).

While the court could not find, on the basis of a preliminary hearing, that Otis had met its burden in order to procure a preliminary injunction, Otis has alleged sufficient facts to state a claim and thus the court cannot dismiss this action.

### C. Availability of Arbitration Procedures Does Not Strip This Court's Subject Matter Jurisdiction

The requirement that a plaintiff exhaust administrative remedies does not apply to this action. The cases cited by the defendants involve statutory schemes that provide for administrative remedies. For example, the cases cited address statutory schemes and administrative structures that provide that disputes be submitted to particular agencies. *See McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992) (addressing federal prisoner's access to prison administrative remedies with respect to claim that he received inadequate medical care in prison); *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938) (National Labor Relations Act); *Gould Publishing Co. v. U.S.*, 934 F.2d 457, 459–60 (2d Cir.1991) (As a general rule, a *litigant complaining of an administrative action* is required to exhaust all of his administrative remedies before he will be permitted to seek judicial relief) (emphasis added; internal quotation omitted) (referring to complaint against the Occupational Safety and Health Administration); *T.I.M.E.-DC, Inc. v. Management–Labor Welfare & Pension Funds, of Local 1730 Int'l Longshoremen's Ass'n*, 756 F.2d 939, 942 (2d Cir.1985) (Multiemployer Pension Amendments Act).

 Local 91 claims that Otis' failure to use the grievance procedure provided for in the CBA removes this court's sub-ject matter jurisdiction over the dispute. A demand for arbitration is not a prerequisite for an employer seeking an injunction against a strike where a collective bargaining agreement includes a no-strike clause in favor of arbitration. The Second Circuit has held that "as long as the employer is ordered to arbitrate as a condition to obtaining an injunction, *Boys Markets* does not require the formality in every case of demanding arbitration prior to seeking the injunction." *United Parcel Service (N.Y.) v. Local 804, Int'l Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 698 F.2d 100, 105 (2d Cir.1983) (referring to *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970)). The Second Circuit reasoned that because arbitration processes are not suited to resolve disputes quickly, "little if anything can be gained by demanding arbitration when confronted with an ongoing strike." *Id.* at 106. Therefore, while federal policy favoring arbitration may provide a basis for courts to require that employers attempt to resolve disputes through arbitration prior to seeking injunctive relief in the courts, the Supreme Court has concluded that providing an expeditious remedy to enforce a no-strike provision in a collective bargaining agreement best serves the federal policy in favor of arbitration. *Boys Markets*, 398 U.S. at 248, 90 S.Ct. 1583. In order to ensure that the injunctive remedy is expeditious, the Second Circuit has found that, so long as a court, upon entering a preliminary injunction, requires that the parties proceed with arbitration, an employer need not initiate the arbitration procedure prior to applying for such an injunction. *United Parcel Service (N.Y.)*, 698 F.2d at 108.

In this case, the plaintiff requested a preliminary injunction prior to filing a grievance with an arbitrator. Following

this court's denial of that request on April 16, 2004, Otis filed a grievance on April 19, 2004. The failure to file the grievance earlier does not strip this court of subject matter jurisdiction.

## III. CONCLUSION

For the reasons discussed above, defendants' motion to dismiss is DENIED. In light of the filing of a grievance by Otis, the parties are ordered to show cause by January 26, 2005 why this case should not be administratively closed pending resolution of the grievance proceeding, with the unqualified right of either party to move to reopen within thirty days of the final decision in the grievance proceeding.

**SO ORDERED.**